822 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
INCORPORATED VILLAGE OF LYNCHBURG, OHIO, Plaintiff-Appellant,
v.
DOUGLAS N. HIGGINS, INC., Defendant-Appellee.
 No. 86-3163
 United States Court of Appeals, Sixth Circuit.
 July 9, 1987.
 
 S.D.Ohio
 AFFIRMED.
 On Appeal from the United States District Court for the Southern District of Ohio.
 BEFORE KEITH, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Village of Lynchburg appeals the district court's order granting summary judgment to Higgins in this action to vacate Higgins' arbitration award. Lynchburg contends that because of the absence of complete diversity of citizenship among the parties, Higgins improperly removed this case to federal court. On the merits, Lynchburg argues that the arbitration award should be vacated because of the arbitrator's misconduct. We reject both contentions and affirm the district court's judgment.
 
 I.
 
 2
 The Village of Lynchburg was required to construct a sanitary sewerage system and, to that end, invited bids on a contract for the project. At the behest of Qualicraft Corporation, which sought the bonding capacity of Higgins' corporation, Higgins bid on the job and was awarded the contract. Subsequently, Higgins entered into a subcontract with Qualicraft by which Qualicraft was to perform the construction contract with Lynchburg.
 
 
 3
 During the performance of the contract, problems began to arise regarding subsurface conditions, acceleration, suspension of work and other matters. Pursuant to provisions in the contract for arbitration of all claims 'arising out of, or relating to,' the contract, Higins filed a demand for arbitration with the American Arbitration Association (AAA) against Lynchburg on April 19, 1982. On the same date, Qualicraft filed a demand for arbitration against Higgins for breach of the subcontract. The two proceedings were consolidated for hearing and decision.
 
 
 4
 On December 17, 1982, Qualicraft wrote a letter to the AAA requesting that the hearings commence as early as possible because any delay would 'severely impair Qualicraft's financial position.' On December 29, 1982, Lynchburg wrote a letter to the AAA requesting that arbitration not be scheduled 'until sometime in late spring 1983,' because Lynchburg had just retained counsel to represent it in the proceedings and awaited approval of funds necessary to cover the costs of discovery and legal fees. At a pretrial conference, the hearing date was set for May 9, 1983. Lynchburg also requested, but was denied, permission to take depositions.
 
 
 5
 The hearing commenced on the scheduled date. Pursuant to the pre-hearing order, which set strict time limits for the arbitration hearing, only 4-1/2 days were provided for the presentation of all three parties' claims. The arbitrators awarded $1,841,593 to Higgins, of which $1,135,163 was to be held in trust for Qualicraft.
 
 
 6
 Lynchburg filed an application in an Ohio state court to vacate the award. The application named only Higgins as a party to the arbitration, although Qualicraft was served with a copy. Higgins removed the action to the federal district court pursuant to 28 U.S.C. Sec. 1441. Lynchburg then moved to remand on the theory that Qualicraft was a party to the action, and since Lynchburg and Qualicraft, an Ohio corporation, are both Ohio 'citizens,' there was not complete diversity of citizenship of the parties. The district court held that because Qualicraft was not a party to the case, removal was proper. Higgins is a Michigan corporation with its principal place of business in Ann Arbor, Michigan and Lynchburg is, of course, an Ohio municipality. On cross-motions for summary judgment, the district court upheld the arbitrator's award in favor of Higgins.
 
 II.
 
 7
 Removal of any civil action is only proper if the action might originally have been brought in federal district court. 28 U.S.C. Sec. 1441. We are satisfied that this case was properly removed, because there was the requisite diversity.
 
 
 8
 We cannot improve upon the learned district judge's treatment of this issue. He stated:
 
 
 9
 'The complaint filed by Lynchburg in the Court of Common Pleas, titled 'In the Matter of the Arbitration between Douglas N. Higgins and Village of Lynchburg,' indicates that Lynchburg relies on the written contract between it and Higgins; the complaint is silent as to Qualicraft. However, the certificate of service reveals that Lynchburg's application to vacate was served upon Qualicraft.
 
 
 10
 'If Qualicraft were a party to this action, it would be true that not all defendants had joined in the petition to remove. It would also be true that there would be an absence of complete diversity as Qualicraft and Lynchburg are both Ohio citizens. 28 U.S.C. Sec. 1441(b). Furthermore, if it were a party, we might be obliged to consider whether Higgins has a removable 'separate and independent claim' sufficient to permit removal of the allegedly non-removable claim against Qualicraft pursuant to 28 U.S.C. Sec. 1441(c).
 
 
 11
 'However, Qualicraft is most assuredly not a party to this action. Thus, it is immaterial that Qualicraft did not join the petition to remove. Its presence cannot destroy diversity because it is not present, and, in this action, Lynchburg has no claim against Qualicraft and thus there is no second claim requiring consideration of Sec. 1441(c).
 
 
 12
 'The contract giving rise to Higgins' arbitration claim against Lynchburg was between those two parties alone. The arbitration award Lynchburg seeks to vacate ordered Lynchburg to pay Higgins. That Higgins was to hold part of the award as trustee for Qualicraft does not make Qualicraft a party to the award. Lynchburg's only obligation under the award is to Higgins. Finally, Lynchburg brought suit to vacate the award against Higgins alone. Serving a complaint on a non-party does not make that person a party. To date the only defendant identified in any of the proceedings is Douglas N. Higgins, Inc. Neither Lynchburg nor Higgins has moved to make Qualicraft a party.'
 
 
 13
 We agree.
 
 III.
 
 14
 We also agree that, on the merits, the district court correctly granted summary judgment to Higgins. Judicial review of arbitration decisions is extremely narrow. Revere Copper & Brass, Inc. v. Overseas Private Investment Corp., 628 F.2d 81, 83 (D.C. Cir.), cert. denied, 446 U.S. 983 (1980). Ohio Revised Code Sec. 2711.10 and 9 U.S.C. Sec. 10 specify very limited circumstances under which an award can be vacated. An arbitration award cannot be set aside merely because the arbitrators have misinterpreted the law or misconstrued the facts. Wilko v. Swan, 346 U.S. 427, 436-37 (1953).
 
 
 15
 Lynchburg contends, however, that the arbitrators were guilty of misconduct, a ground which, if proven, would be sufficient to justify vacating Higgins' award. Ohio Rev. Code Sec. 2711.10(C). First, Lynchburg argues that the hearing date should have been postponed upon good cause shown. We note that the date was postponed until late spring as Lynchburg requested. In any event, to the extent that the date chosen represents a middle ground between Lynchburg's and Qualicraft's divergent requests, the arbitrator's decision was neither arbitrary nor capricious.
 
 
 16
 Second, Lynchburg maintains that the arbitrators abused their discretion in refusing discovery. However,
 
 
 17
 'An arbitration hearing is not a court of law. When contracting parties stipulate that disputes will be submitted to arbitration, they relinquish the right to certain procedural niceties which are normally associated with a formal trial. One of these accoutrements is the right to pre-trial discovery. While an arbitration panel may subpoena documents or witnesses, the litigating parties have no comparable privilege.'
 
 
 18
 Burton v. Bush, 614 F.2d 389, 390 (4th Cir. 1980) (citations omitted). The arbitrators did not abuse their discretion in refusing Lynchburg's request for depositions.
 
 
 19
 Third, Lynchburg alleges that the arbitrators refused to hear their evidence. This assertion appears to emanate from the strict time limits established for the hearing. Cf. Fairchild & Co. v. Richmond, Fredericksburg & Potomac Railroad Co., 516 F. Supp. 1305, 1314-15 (D.D.C. 1981). With more time, Lynchburg could have presented more evidence. But, Lynchburg does not assert what additional evidence would have been presented or how such evidence would have changed the result in this case. Under these circumstances, the arbitrators did not act arbitrarily in scheduling the proceedings and moving them along.
 
 
 20
 Finally, Lynchburg asserts that the arbitrators 'rewrote the contract' and, therefore, clearly exceeded their powers. Rejecting this contention, the district court found that '[e]xperienced arbitrators familiar with the industry heard the testimony, reviewed the documents, and arrived at a just decision in this case based on Ohio law.' With regard to the oral modifications that Lynchburg asserts were not permitted under the contract, the district court notes that, '[i]t is not beyond the realm of possibility that the arbitrators may have found that there was some form of waiver involved respecting these provisions. Moreover . . . it simply is not the province of this Court to second guess the basis for an arbitrator's decision.' The same must be said about this Court's province.
 
 
 21
 The district court's judgment is AFFIRMED.