Deborah Anne STEINKE, individually, on behalf of herself and all others similarly situated, Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA, et al., Defendant.

No. CV 02–42–M–DWM.

United States District Court,
D. Montana,
Missoula Division.

July 9, 2003.

---

*ORDER*

MOLLOY, Chief Judge.

There are four motions by Defendants before the court on this matter: three motions to dismiss (**docket ##6, 15, & 23**) and one to quash service (**docket # 21**). The third motion to dismiss covers the issues raised in the first two motions, both of which were followed by an amended complaint, so this Order will address the third motion only. The first two are DE-NIED as MOOT.

## I. Factual Background

On May 27, 1998, Plaintiff Deborah Steinke was in a car accident and suffered bodily injuries when Donovan McSloy drove his semi-truck into Plaintiff's automobile in Flathead County, Montana. At the time of the accident, Steinke carried automobile insurance with SAFECO Insurance Company of Illinois, including medical payments coverage. The medical payments coverage had policy limits of $3,000. SAFECO Insurance Company of Illinois paid $2,081.35 of Plaintiff's medical payments. SAFECO Insurance Company of Illinois then collected a claimed subrogated amount of $2,081.35.

## II. Analysis

### A. Defendants' Motion to Dismiss First Amended Complaint

Defendants have moved to dismiss the First Amended Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and rarely granted." *Gilligan v. Jamco Development Corporation,* 108 F.3d 246, 249

(9th Cir.1997). In considering a Rule 12(b)(6) motion, the Court considers the complaint on its face and does not consider material outside the complaint. *Levine v. Diamanthuset,* 950 F.2d 1478, 1483 (9th Cir.1991). The court construes the complaint in a light most favorable to the plaintiff, resolving any ambiguities in the plaintiff's favor. *International Audiotext Network v. AT&T Co.,* 62 F.3d at 72. All material facts in the Complaint, and all reasonable inferences from them, are taken as true, no matter how unlikely. *Neitzke v. Williams,* 490 U.S. 319, 328–29, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

There are four arguments in Defendants' motion: 1.Plaintiff lacks standing to assert claims against any party except Safeco of Illinois; 2. Plaintiff fails to state a claim against any of the Defendants under either a wrongful subrogation claim or conspiracy theory; 3. Plaintiff's claims for breach of the implied covenant of good faith and fair dealing, constructive fraud, and deceit are pre-empted by the Montana Unfair Trade Practices Act; and 4. Safeco, an association of businesses, should be dismissed for lack of personal jurisdiction and insufficiency of service of process.

### 1. Standing

In Montana, "[t]he following criteria must be satisfied to establish standing: (1) the complaining party must clearly allege past, present or threatened injury to a property or civil right; and (2) the alleged injury must be distinguishable from the injury to the public generally, but the injury need not be exclusive to the complaining party." *Geil v. Missoula Irr. Dist.,* 312 Mont. 320, 328, 59 P.3d 398, 404 (2002).

Defendants' standing argument has two elements. First, Plaintiff has no contractual agreement with any party other than Safeco of Illinois and therefore cannot claim any injury at the hands of any of the other defendants. Second, Plaintiff cannot assert claims against the other defendants on a "business association" theory that claims that the different entities are really all the same. Safeco Corporation is the parent company of these other defendants. The remaining corporate defendants are considered "sister companies" of one another.

▪ Plaintiff relies on Mont.Code Ann. § 25–5–104 [1] to connect these different Safeco entities and as a basis for Steinke's standing against them. Plaintiff also argues that her allegations of conspiracy against the defendants are sufficient to provide her with standing against them. Steinke cites *Sloan v. Fauque & Zenzius,* 239 Mont. 383, 784 P.2d 895 (1989) as grounds for this assertion. In that case, the Montana Supreme Court concluded that cooperation in a tortious act made all parties jointly liable under a civil conspiracy theory.

▪ Mont.Code Ann. § 25–5–104, cited by Plaintiff, cannot support her claim of standing against all of these defendants. As Defendants point out, this section is a procedural provision dealing with service of process. The substantive law underlying the action still applies, and here, that means Plaintiff must still prove an injury against her by the other named defendants. In order to do so, she relies on the conspiracy theory of jurisdiction. However, Plaintiff has not alleged a conspiracy,

---

**1. 25–5–104. Action against business association.** When two or more persons associated in any business transact such business under a common name, whether it comprise the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates in the same manner as if all had been named defendants and had been sued upon their joint liability.

but rather that all defendants act as a business association. Plaintiff therefore has standing to sue only Safeco of Illinois. All other defendants should be dismissed.

### 2. Wrongful Subrogation

Defendants' next argument is that Plaintiff's claims based on subrogation of her medical payments fail to state a claim upon which relief could be granted, because Montana law at the time of her claim allowed such subrogation.

■ In 1977, Montana's Supreme Court held in *Skauge v. Mountain States Tel. & Tel. Co.*, 172 Mont. 521, 565 P.2d 628 that subrogation was an equitable doctrine that requires the plaintiff to be made whole before the insurance company can attempt subrogation. The legislature in 1997 amended § 33-23-203 to allow for "reasonable ... subrogation clauses." Mont.Code Ann. § 33-23-203(2). The Montana Supreme Court interpreted this amendment in *Swanson v. Hartford Ins. Co. of the Midwest*, 309 Mont. 269, 46 P.3d 584 (2002), holding that subrogation is against the public policy of Montana if it occurs before the insured is made whole, including compensation for attorney's fees. The *Swanson* court reasoned that had the legislature intended to change the equitable doctrine set forth in *Skauge*, they would have done so explicitly. The Supreme Court's decision in *Swanson* affirms the policy that an insured must be made whole before the insurance company can pursue subrogation has been the state's policy throughout the time from 1977 forward. The 1997 amendments did nothing to change that policy.

Defendants here argue that the subrogation at issue in Steinke's case occurred in 1998, following the amendment to the law and prior to the Supreme Court decision. They claim to have acted in good faith reliance on the law as it stood at the time, and it would be a violation of their due process rights to be punished now for doing what was legal then. However, as described above, Defendants are incorrect that such subrogation was legal after the 1997 amendments. Under *Swanson*, subrogation before a plaintiff is made whole is counter to Montana public policy, and Steinke's claim here of wrongful subrogation should not be dismissed for failure to state a claim.

### 3. Breach of the Implied Covenant of Good Faith and Fair Dealing, Constructive Fraud, and Deceit

■ Defendant moves to dismiss the causes of action of breach of implied covenant of good faith and fair dealing, constructive fraud, and deceit, all of which, Defendant claims, are barred by the Montana Unfair Trade Practices Act. Mont. Code Ann. § 33-18-242(3)(2001). The MUTPA limits the claims an insured may bring against an insurer to breach of the insurance contract, fraud, and violations of the MUTPA itself. "An insured may not bring an action for bad faith in connection with the handling of an insurance claim." Mont.Code Ann. § 33-18-242(3)(2001). Plaintiff replies that her claims are contract claims, for breach of covenants of contract, and not tort claims, which may be barred by the MUTPA. Mont.Code Ann. § 33-18-242(3) specifically allows a breach of contract claim, and Plaintiff here is arguing that Defendants breached an implied contractual covenant, not committed a tort of bad faith.

Defendant's reply brief agrees with Plaintiff's argument to the extent that it clarifies the complaint, and Defendant asks that Plaintiff's claim of breach of the implied covenant of good faith and fair dealing be dismissed as a tort, and continue in the case only as a contract claim, subject to contract damages.

Plaintiff and Defendant are in agreement that these claims continue only as contract claims, rather than as tort claims. Therefore, Defendant's motion to dismiss on this basis is moot.

### 4. Lack of Personal Jurisdiction and Insufficiency of Service of Process

 Safeco Corporation moves to quash service of it because it does no business in Montana and therefore is not subject to personal jurisdiction in this Court. Montana Rule of Civil Procedure 4B creates jurisdiction over a business if it or one of its agents has caused a tort in the state of Montana. The scope of this jurisdiction is limited to the extent it conflicts with the constitutional mandates of the United States, through the due process clause of the Fourteenth Amendment. Safeco has no officers, offices, or business in Montana and therefore does not have the minimum contacts with the forum state necessary to create in personam jurisdiction. Further, Safeco is not subject to personal jurisdiction on the acts of its wholly owned subsidiary, if the two entities have maintained their formal separateness. *Crow Tribe of Indians v. Mohasco Industries, Inc.*, 406 F.Supp. 738–740 (D.Mont. 1975).

 In response, Plaintiffs argue that Safeco Corporation is present in this lawsuit as a result of the conspiracy theory of jurisdiction. Plaintiffs allege that Safeco Corporation owns a number of subsidiaries that do automobile insurance business in Montana, and these companies' claims are adjusted out of a joint office in Spokane. Jurisdiction over the companies not doing business directly in Montana can derive from evidence of their conspiracy to defraud, as outlined in *Allstate Insurance Co. et al. v. Linter Group Ltd.*, 782 F.Supp. 215, 220–221 (S.D.N.Y.1992). Plaintiffs argue they should be allowed discovery to support their allegations of this jurisdiction.

In reply, Defendants contend that the conspiracy theory of jurisdiction has been generally rejected and likely would be in the 9th Circuit. Reply, 2. Their brief cites a number of 9th Circuit district court cases and the Court of Appeals of Washington state, all of whom have dismissed the conspiracy theory of jurisdiction for violating due process. In any case, to establish such jurisdiction requires more than mere allegations that defendants operate as a business association, which is all Plaintiffs have done here.

Plaintiff does not establish a basis for this Court to use the conspiracy theory of jurisdiction to exercise jurisdiction over Safeco Corp. This Court has never recognized the conspiracy theory of jurisdiction, nor has the Ninth Circuit, nor has the Montana Supreme Court. Those jurisdictions that do recognize the conspiracy theory of jurisdiction require specific pleading of a conspiracy between the parties. Plaintiff has not specifically alleged a conspiracy between Safeco Corp. and Safeco of Illinois in the Second Amended Complaint. Plaintiff only states that Defendants act as a business association. This cannot serve as a basis for jurisdiction over Safeco Corp. Safeco Corp. should be dismissed for lack of personal jurisdiction.

### B. Defendants' Motion to Quash Service of Process

As there is no personal jurisdiction over Safeco Corp., Defendants' Motion to Quash Service of Process on Safeco Corp. is GRANTED.

Therefore, it is HEREBY ORDERED that:

Defendants' motion to dismiss (**dkt # 23**) is GRANTED as far as the standing issue against all Defendants EXCEPT

Safeco of Illinois, DENIED as to Steinke's subrogation claim, DENIED as MOOT as to the tort claim, and GRANTED as to personal jurisdiction over Safeco Corp.

It is FURTHER ORDERED that Defendants' motion to Quash Service of Process (**dkt # 21**) is GRANTED.

Docket Numbers **6** and **15** are DENIED as MOOT.