### Phillip and Meleade WASSON

### v.

### RIVERSIDE COUNTY, et al.

### No. EDCV 06–0129VAP(RC).

United States District Court, C.D. California.

April 21, 2006.

Phillip Wasson, San Diego, CA, pro se.

Meleade Wasson, San Diego, CA, pro se.

Robert P. Karwin, Middlebrook Kaiser and Popka, San Bernardino, CA, for Defendants.

CHAPMAN, United States Magistrate Judge.

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING NONPARTY TEMECULA VALLEY UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS**

On March 14, 2006, nonparty Temecula Valley Unified School District ("School District") filed a motion to dismiss plaintiffs' complaint under Fed.R.Civ.P. 12(b)(1), 12(b)(4), 12(b)(5) and 12(b)(6).[1] On April 13,

---

1. Plaintiffs appear to have attempted to serve their complaint on various nonparties in addition to School District, and several of these nonparties filed motions to dismiss plaintiffs' complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. However, the Court struck these motions because the nonparties filing them lack standing to file a Rule 12(b)(6) motion, *Kimes v. Lab. Corp.*

2006, plaintiffs filed an opposition to the motion, and on April 4, 2006, nonparty School District filed a reply.

## DISCUSSION

Nonparty School District seeks to dismiss plaintiffs' complaint under Rules 12(b)(4) and 12(b)(5) for insufficiency of process because School District is not named as a defendant in the summons and insufficiency of service of process because plaintiffs did not serve School District with a summons and complaint, as required by Rule 4(c)(1).

■ The difference between Rules 12(b)(4) and 12(b)(5), which "is not always clear, nor always observed," is:

> An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a[R]ule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint.

*United States v. Hafner,* 421 F.Supp.2d 1220, 1223 n. 3 (D.N.D.) (quoting 5A Wright & Miller, *Federal Practice and Procedure,* § 1353, pp. 334–35 (3d ed.2004)); *Richardson v. Alliance Tire & Rubber Co., Ltd.,* 158 F.R.D. 475, 477 (D.Kan.1994).

■ Here, plaintiffs have not attempted to even minimally comply with the federal rules regarding the form and issuance of a summons, and the Clerk of Court could not, and did not, issue a summons to School District since plaintiffs have not named School District as a defendant in their complaint.[2] *See,* e.g., Fed.R.Civ.P. 4(a) ("The summons shall be ... directed to the defendant...."). Thus, plaintiffs process on nonparty School District is insufficient under Rule 12(b)(4),

see 5A Wright & Miller, *Federal Practice and Procedure,* § 1353 at p. 335 ("Although the distinction between the Rule 12(b)(4) and 12(b)(5) motions is easy to state, the line between them becomes blurred when the alleged defect is that the defendant either is misnamed in the summons or has ceased to exist. In these cases, the form of the process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or a motion under Rule 12(b)(5) could be made on the ground that the wrong party—that is, a party not named in the summons—has been served."), and School District's motion to dismiss under Rule 12(b)(4) should be granted.

■ Similarly, nonparty School District's motion should be granted under Rule 12(b)(5) since plaintiffs never served a proper summons and complaint on School District, *Steinke v. Safeco Ins. Co. of America,* 270 F.Supp.2d 1196, 1200–01 (D.Mont.2003), but merely mailed to School District a copy of the complaint, which does not name School District as a defendant in either the caption or body. Declaration of Jeffrey Smith, ¶ 2, Exh. A. Thus, plaintiffs have not properly served process on nonparty School District, and this Court has no jurisdiction over School District. Fed.R.Civ.P. 4(c)(1); *Daly-Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir.1987); *see also Mississippi Publ'g Corp. v. Murphree,* 326 U.S. 438, 444–45, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.").

This Court has the discretion to dismiss the action against School District or to quash service of process on School District, *Stevens v. Security Pac. Nat'l Bank,* 538 F.2d 1387, 1389 (9th Cir.1976); *Marshall v. Warwick,* 155 F.3d 1027, 1032 (8th Cir.1998), and has

---

*of America,* 2002 WL 31812919, *1 (M.D.N.C.), although they would have had standing to file a motion to dismiss under other subsections of Rule 12(b).

**2.** Merely serving a complaint on a nonparty does not make the nonparty a party. *Jones v. Griffith,*

870 F.2d 1363, 1365 (7th Cir.1989); *Incorporated Village of Lynchburg, Ohio v. Douglas N. Higgins, Inc.,* 822 F.2d 1088, 1987 WL 36148, *2 (6th Cir.1987) (Unpublished Disposition) (per curiam).

determined to quash service of process since School District is not a party to this action.[3]

### ORDER

The process and service of process on nonparty Temecula Valley Unified School District are quashed.

The Clerk shall serve this Order on the parties and nonparty Temecula Valley Unified School District.

---

**3.** In light of the Court's ruling, it is not necessary for the Court to also address School District's motion to dismiss under Rules 12(b)(1) and 12(b)(6).