75 P.3d 180

**Dale and Karen SHANE, husband and wife, Plaintiffs–Appellants,**

v.

**Benjamin BLAIR, M.D., and John Does I–V, Defendants–Respondents.**

No. 28247.

Supreme Court of Idaho, Boise, April 2003, Term.

June 26, 2003.

Rehearing Denied Aug. 14, 2003.

E. Lee Schlender Chartered, Mountain Home, for appellants. E. Lee Schlender argued.

Quane, Smith, Boise, for respondents. Hans A. Mitchell argued.

TROUT, Chief Justice.

This is a medical malpractice case resulting from back surgery performed by Dr. Benjamin Blair (Blair) on Karen Shane (Shane) in Pocatello in January, 1997. Shane appeals the district judge's grant of summary judgment in favor of Blair.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Shane filed suit against Blair in July, 1999, alleging that Blair negligently breached the applicable standard of care in operating on Shane's spine. Blair moved for summary judgment, attaching his own affidavit indicating that he had complied with the applicable standard of care in every respect in his treatment of Shane. Shane filed a memorandum in opposition, attaching an affidavit from Dr. Stephen Ivor Esses (Esses), an orthopedic surgeon and professor of clinical orthopedic surgery at Baylor College of Medicine in Houston, Texas. Esses averred that Blair failed to meet the applicable standard of care while performing the surgery on Shane. Esses claimed he had familiarized himself with the standard of care in Pocatello in 1997 by consulting with an unnamed orthopedic surgeon in Idaho Falls. Shane filed a second affidavit from Esses in which Esses indicated he had read the depositions of Blair, Esses, Dr. William Goodman and Shane.

Blair filed a motion to strike Esses's affidavits, asserting that Esses had not sufficiently familiarized himself with the applica-

ble standard of care. Blair filed a second affidavit, in which he claimed that he and his partner are not the only orthopedic surgeons in Pocatello having knowledge of the applicable standard of care, and named Dr. Goodman as at least one other such person. Shane responded by filing an affidavit from Patty Phillipp, office manager for her attorney, which asserted essentially that no one outside of Blair's office did lower back/spinal surgeries in Pocatello in 1997.

Shane filed a third affidavit from Esses on September 18, 2001, in which Esses asserted that he had further familiarized himself with the applicable standard of care by consulting with Dr. Charles Boge, an orthopedic surgeon in Idaho Falls. Blair moved to strike this affidavit on the basis that it failed to demonstrate Esses had actual knowledge of the applicable standard of care and because his consultation with Dr. Boge, who served on the pre-litigation screening panel for the case, was impermissible.

The district judge granted Blair's motion for summary judgment and motions to strike Esses's affidavits, finding that Esses's affidavits did not evidence that he had familiarized himself with the relevant standard of care in Pocatello in 1997. The district judge additionally struck Dr. Boge's affidavit, concluding that it was impermissible to consult with a member of the pre-litigation screening panel. The district judge further found that the standard of care in Pocatello was determinable—that there are other orthopedic surgeons in Pocatello with whom Shane could establish the relevant standard of care—and that, in any event, the record did not demonstrate that Idaho Falls is a similar community to Pocatello.

Shane filed a motion for reconsideration, and submitted a supplemental fourth affidavit from Esses. The supplemental affidavit declared that Esses had further obtained actual knowledge of the applicable standard of care by consulting with Dr. Sherman Coleman (Coleman), an orthopedic surgeon in Utah, who had purportedly reviewed countless similar cases from Pocatello and spoken with orthopedic surgeons in Pocatello about similar surgeries for over 40 years. Shane also submitted an affidavit from Coleman.

Blair objected to the submission of these affidavits. On January 31, 2002, the district judge struck the new affidavits of Esses and Coleman and denied Shane's motion for reconsideration, affirming his previous rulings. Shane appeals.

## II.

### STANDARD OF REVIEW

When reviewing a motion for summary judgment, this Court uses the same standard employed by the trial court when deciding such a motion. *Kolln v. Saint Luke's Reg'l Med. Ctr.*, 130 Idaho 323, 327, 940 P.2d 1142, 1146 (1997). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). The burden is on the moving party to prove an absence of genuine issues of material fact. *Evans v. Griswold*, 129 Idaho 902, 905, 935 P.2d 165, 168 (1997). In addition, we view the facts and inferences in the record in favor of the non-moving party. *Id.*

We have held that the question of admissibility of affidavits under Idaho Rule of Civil Procedure 56(e) is a threshold question to be analyzed before applying the liberal construction and reasonable inferences rules required when reviewing motions for summary judgment. *Rhodehouse v. Stutts*, 125 Idaho 208, 211, 868 P.2d 1224, 1227 (1994). The trial court must look at the affidavit or deposition testimony and determine whether it alleges facts, which if taken as true, would render the testimony admissible. *Dulaney v. St. Alphonsus Reg. Med. Ctr.*, 137 Idaho 160, 163, 45 P.3d 816, 819 (2002). When reviewing the trial court's evidentiary rulings, this Court applies an abuse of discretion standard. *Dulaney*, 137 Idaho at 163–64, 45 P.3d at 819–20. To determine whether a trial court has abused its discretion, we consider whether it correctly perceived the issue as discretionary, whether it acted within the boundaries of its discretion and consistently with applicable legal standards, and whether it reached its decision by

an exercise of reason. *Sun Valley Shopping Ctr. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). With these principles in mind, we turn to the issue of whether the district court erred by striking Shane's affidavits and granting summary judgment to Blair.

## III.

## DISCUSSION

The admissibility of expert testimony in a medical malpractice case requires that the expert demonstrate familiarity with the applicable standard of care required of medical professionals in the relevant community at the time of the events giving rise to the lawsuit. I.C. §§ 6–1012, 6–1013. Because Shane submitted affidavits from experts who sufficiently demonstrated their familiarity with the relevant standard of care, the district court abused its discretion by striking the affidavits and granting summary judgment to Blair. We vacate the decision of the district court.

## A. Admissibility of expert testimony requires personal knowledge.

To be admissible in a medical malpractice action, expert testimony must demonstrate the expert's familiarity with the applicable standard of care for a particular profession for the relevant community and

time, and the proponent must show the basis for the expert's knowledge. *Perry v. Magic Valley Reg. Med. Ctr.*, 134 Idaho 46, 51, 995 P.2d 816, 821 (2000). An out-of-area expert may obtain knowledge as to the local standard of care by consulting with a local specialist. *Id.* The physician consulted by the out-of-area expert does not necessarily have to have practiced in the same geographic area as the defendant to become familiar with the local standard of care. *See Grover v. Smith*, 137 Idaho 247, 252–53, 46 P.3d 1105, 1110–11 (2002).

An expert's affidavit in a medical malpractice case is subject to the requirements set forth in Idaho Code sections 6–1012 and 6–1013. Section 6–1012 requires a plaintiff to affirmatively prove by direct expert testimony that the health care provider negligently failed to meet the community standard of health care, as it existed at the time and place of the alleged negligent act.[1] Section 6–1013 requires that "the expert must show that he or she actually holds the opinion, that it is held with a reasonable degree of medical certainty, and that he or she is not only an expert but has actual knowledge of the applicable community standard." *Kolln*, 130 Idaho at 329, 940 P.2d at 1148. Section 6–1013 also provides for the admissibility of testimony from out-of-area experts who adequately familiarize themselves with the standards and practices of the relevant area. I.C. § 6–

1. Idaho Code section 6–1012 provides the following:

In any case, claim or action for damages due to injury to or death of any person, brought against any physician and surgeon or other provider of health care, including, without limitation, any dentist, physicians' assistant, nurse practitioner, registered nurse, licensed practical nurse, nurse anesthetist, medical technologist, physical therapist, hospital or nursing home, or any person vicariously liable for the negligence of them or any of them, on account of the provision of or failure to provide health care or on account of any matter incidental or related thereto, such claimant or plaintiff must, as an essential part of his or her case in chief, affirmatively prove by direct expert testimony and by a preponderance of all the competent evidence, that such defendant then and there negligently failed to meet the applicable standard of health care practice of the community in which such care allegedly was or should have been provided, as such standard existed at the time and place of the alleged negligence of such physician and surgeon, hospital or other such health care provider and as such standard then and there existed with respect to the class of health care provider that such defendant then and there belonged to and in which capacity he, she or it was functioning. Such individual providers of health care shall be judged in such cases in comparison with similarly trained and qualified providers of the same class in the same community, taking into account his or her training, experience, and fields of medical specialization, if any. If there be no other like provider in the community and the standard of practice is therefore indeterminable, evidence of such standard in similar Idaho communities at said time may be considered. As used in this act, the term "community" refers to that geographical area ordinarily served by the licensed general hospital at or nearest to which such care was or allegedly should have been provided.

1013.[2] Furthermore, an affidavit under Rule 56(e) of the Idaho Rules of Civil Procedure must be made on personal knowledge, set forth facts that would be admissible in evidence, and affirmatively show that the affiant is competent to testify as to the matters contained in the affidavit. I.R.C.P. 56(e). In addition, when the affidavit is presented by a party opposing a motion for summary judgment, the affidavit "must set forth specific facts showing that there is a genuine issue for trial." I.R.C.P. 56(e).

### B. Esses's fourth affidavit and Coleman's affidavit were admissible.

 The key to the admissibility of expert testimony is that the expert must be familiar with the standard of care in a particular locale at a particular time. The standard of care is simply the care typically provided under similar circumstances by the relevant type of health care provider in the community at the time and place of the alleged negligent act. Esses's fourth affidavit and Coleman's affidavit demonstrate sufficient personal knowledge of the standard of care in Pocatello in 1997 for the back surgery performed on Shane. For that reason, the district judge erred in striking those affidavits.

Coleman has practiced medicine and taught orthopedics at the University of Utah School of Medicine for more than forty years. During that time, Coleman has taken numerous referrals of patients from Idaho Falls and Pocatello for orthopedic treatment and has discussed lumbar-surgery cases with Pocatello surgeons. Coleman has also reviewed hundreds of medical records from orthopedic surgeons in Idaho Falls and Pocatello throughout the years, including 1997. Coleman's experience establishes that he has sufficient knowledge of the relevant standard of care, and such knowledge of the relevant standard of care in Pocatello in 1997 is demonstrated in his affidavit.

As a result of his personal knowledge, Coleman's comments on the standard of care relevant to Shane's 1997 back surgery in Pocatello are admissible. See Perry, 134 Idaho at 51, 995 P.2d at 821; see also Grover, 137 Idaho at 252–53, 46 P.3d at 1110–11 (stating physician does not necessarily have to have practiced in the same geographic area as defendant to become familiar with local standard of care). Coleman was giving an opinion no different than if he were actually practicing in Pocatello, and this satisfies the personal knowledge requirement of I.C. § 6–1013. Moreover, Esses's fourth affidavit is admissible to the extent it relies on information acquired from Coleman. See I.C. § 6–1013 (providing for admissibility of testimony from out-of-area experts who adequately familiarize themselves with standards and practices of relevant area); see also Perry, 134 Idaho at 51, 995 P.2d at 821 (noting out-of-area expert may obtain knowledge of local standard of care by consulting with specialist who has personal knowledge of local standard of care). Because of Coleman's personal knowledge of the standard of care in Pocatello in 1997, the foundational requirements for both Coleman's and Esses's affidavits have been satisfied. See I.R.C.P. 56(e).

## IV.

### CONCLUSION

This case does not present a situation where an out-of-area doctor is required to become familiar with the local standard of care by consulting with local physicians. In-

---

**2.** Idaho Code section 6–1013 provides the following:

The applicable standard of practice and such a defendant's failure to meet said standard must be established in such cases by such a plaintiff by testimony of one (1) or more knowledgeable, competent expert witnesses, and such expert testimony may only be admitted in evidence if the foundation therefor is first laid, establishing (a) that such an opinion is actually held by the expert witness, (b) that the said opinion can be testified to with reasonable medical certainty, and (c) that such expert witness possesses professional knowledge and expertise coupled with actual knowledge of the applicable said community standard to which his or her expert opinion testimony is addressed; provided, this section shall not be construed to prohibit or otherwise preclude a competent expert witness who resides elsewhere from adequately familiarizing himself with the standards and practices of (a particular) such area and thereafter giving opinion testimony in such a trial.

stead, this case deals with a doctor who was already familiar with the standard of care in Pocatello in 1997 based on forty years of experience in dealing with Pocatello orthopedic surgeons. Because Coleman's significant amount of experience demonstrates the requisite personal knowledge of the relevant standard of care in Pocatello in 1997, his affidavit is admissible. Also, Esses's fourth affidavit is admissible, as it satisfies the requirement that an out-of-area expert obtain knowledge of the local standard of care by consulting with a doctor familiar with the local standard of care. Because of our resolution of the issue above, we need not address the other issues raised by the parties.

The affidavits of Coleman and Esses create a genuine issue of material fact, and summary judgment was therefore inappropriate. The district judge's grant of summary judgment is vacated and this case is remanded for further proceedings. We award costs on appeal to Shane.

Justices SCHROEDER, WALTERS, KIDWELL and EISMANN concur.