## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 34085

| | | |
|---|---|---|
| **JESUS HERRERA,** | ) | Pocatello, April 2008 Term |
| | ) | |
| Plaintiff-Appellant, | ) | **2009 Opinion No. 11** |
| | ) | **Filed: January 22, 2009** |
| v. | ) | **Stephen Kenyon, Clerk** |
| | ) | |
| **PEDRO ESTAY, ROCK CREEK** | ) | **SUBSTITUTE OPINION. THE** |
| **DEVELOPMENT, LLC,** | ) | **COURT'S PRIOR OPINION** |
| | ) | **DATED DECEMBER 4, 2008 IS** |
| Defendants-Respondents. | ) | **HEREBY WITHDRAWN.** |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Teton County. Honorable Brent J. Moss, District Judge.

The decision of the district court dismissing Herrera's complaint against Estay is <u>affirmed</u>. The district court's decision granting summary judgment in favor of Rock Creek is <u>vacated</u> and the case is <u>remanded</u> for further proceedings.

Jenna V. Mandraccia, Oro Valley, Arizona, for appellant.

Wright, Wright & Johnson, Idaho Falls, for respondent Rock Creek Development. David Johnson argued.

Hess, Carlman & D'Amours, Jackson, Wyoming, for respondent Pedro Estay. Paul E. D'Amours argued.

_____

HORTON, Justice

This appeal arises from a negligence action brought by Appellant Jesus Herrera. Herrera appeals the district court's grant of summary judgment and subsequent dismissal of his suit against Respondent Rock Creek Development, LLC (Rock Creek) and the district court's dismissal of his complaint against Respondent Pedro Estay (Estay) due to Herrera's failure to timely serve Estay. We vacate the judgment in favor of Rock Creek and remand the action for further proceedings. We affirm the district court's dismissal of Herrera's complaint against Estay. We decline to award attorney fees.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Herrera's negligence action relates to injuries he sustained after a scaffold collapsed while he was working on the construction of a home for Estay in Driggs, Idaho. Estay hired Rock Creek to construct the residence. Rock Creek hired Peter Estay (Peter), Estay's son, as a superintendent to oversee the construction.

Herrera was an employee of FrameIt, an independent contractor hired by Rock Creek to frame the structure. FrameIt was owned and managed by Jose Montiel. In order to frame the upper portion of the house, Herrera and his brother, Francisco Herrera, erected a scaffold consisting of a plank supported by two-by-sixes and two-by-fours. A two-by-four attached to the roof provided additional support for the scaffold. This supporting member was removed, apparently to facilitate laying felt upon the roof. The identity of the person or persons who removed the support is unknown. On December 16, 2002, Herrera stepped on the scaffold, which collapsed, and Herrera was injured when he fell twelve to fifteen feet to the ground.

There is a factual dispute between Herrera and Rock Creek as to the level of Peter's involvement at the construction site. At the very least, Peter supervised all work done by FrameIt and communicated with Montiel as to the progress of the work, including all changes that were required. Herrera only spoke to Peter on one occasion; in this conversation, he requested that metal scaffolding be provided for the construction. Neither Rock Creek nor FrameIt supplied Herrera with the requested metal scaffolding.

After discovering that Montiel had not secured worker's compensation coverage for his employees,[1] on December 13, 2004, Herrera brought the instant negligence action against Rock Creek and Estay.[2] Rock Creek moved for summary judgment, arguing that it did not owe Herrera a duty of care because he was the employee of an independent contractor. The district court agreed and granted Rock Creek's motion for summary judgment, dismissing Herrera's action against Rock Creek.

---

[1] Normally, when an employee sustains an injury arising out of and in the course of employment, the employee is covered by worker's compensation insurance. However, FrameIt did not secure worker's compensation insurance for its employees. Rock Creek did not seek summary judgment on the basis that it was Herrera's statutory employer and therefore not subject to a third party action. I.C. § 72-223. Therefore, we do not address this issue in this appeal

[2] Herrera's complaint alleges that Rock Creek and Estay negligently failed to provide him with a safety harness. The district court indicated that Herrera abandoned this specific claim and Herrera's claim was based upon the negligent removal of the scaffold support.

2

Herrera was unable to serve Estay personally with the summons and complaint and the district court granted Herrera's motion to serve Estay by publication. Herrera published a summons in the *Teton Valley News*, a weekly newspaper printed and published in Driggs, for four consecutive weeks. The last date of publication was July 9, 2005. Herrera did not use the form of summons for publication provided by I.R.C.P. 4(b)(3); rather, the published summons was in the form provided by I.R.C.P. 4(b)(2).

On November 17, 2006, despite the lack of an earlier appearance by Estay, Herrera filed a notice of intent to take default against Estay. This notice was mailed to Estay on November 13, 2006, and received by him on November 16, 2006. On November 22, 2006, Estay made a special appearance, challenging the sufficiency of process and the personal jurisdiction of the district court. Shortly thereafter, Estay filed a motion to dismiss pursuant to I.R.C.P. 12(b)(2), (4), and (5). In addition to challenging the jurisdiction of the court and the sufficiency of process, Estay argued that because he was not properly served, the action should be dismissed pursuant to I.R.C.P. 4(a)(2). The district court agreed, finding that Estay was not properly served by publication, and dismissed the action due to Herrera's failure to serve the complaint within the six month time limit provided by I.R.C.P. 4(a)(2). Herrera timely appealed the district court's grant of summary judgment in favor of Rock Creek and dismissal of his complaint against Estay.

## II. STANDARD OF REVIEW

### A. Summary Judgment

When reviewing a ruling on a summary judgment motion, this Court employs the same standard used by the district court. *Sprinkler Irrigation Co. Inc. v. John Deere Ins. Co., Inc.*, 139 Idaho 691, 695, 85 P.3d 667, 671 (2004) (citing *Baker v. Sullivan*, 132 Idaho 746, 748, 979 P.2d 619, 621 (1999)). Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This Court liberally construes all disputed facts in favor of the non-moving party and draws all reasonable inferences and conclusions supported by the record in favor of the party opposing the motion. *Lockheed Martin Corp. v. Idaho State Tax Comm'n*, 142 Idaho 790, 793, 134 P.3d 641, 644 (2006) (citing *Infanger v. City of Salmon*, 137 Idaho 45, 47, 44 P.3d 1100, 1102 (2002)).

3

**B. Motion to Dismiss**

Challenges to the sufficiency of process or the service of process under I.R.C.P. 12(b)(4) and 12(b)(5) are made pursuant to I.R.C.P. 12(d). This rule provides: "The defenses specifically enumerated (1)-(8) in subdivision (b) of this rule, whether made in a pleading or by motion . . . shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial."

This Court has not previously had occasion to address the standard of review applicable to decisions made under I.R.C.P. 12(b)(4) and 12(b)(5). Given the virtual identity between these rules and their counterparts in the Federal Rules of Civil Procedure,[3] and the lack of case law in Idaho, it is appropriate for this Court to turn to federal authority to address the standard of review. *See Martin v. Hoblit*, 133 Idaho 372, 376 n.3, 987 P.2d 284, 288 n.3 (1999) (considering I.R.C.P. 4(a)(2)); *Compton v. Compton*, 101 Idaho 328, 334 n.1, 612 P.2d 1175, 1181 n.1 (1980) (considering I.R.C.P. 60(b)); *Lawrence Warehouse Co. v. Rudio Lumber Co.*, 89 Idaho 389, 395-96, 405 P.2d 634, 637-38 (1965) (considering I.R.C.P. 65(a) and I.R.C.P. 52(a)).

The interplay between motions made under Rules 12(b)(4) and 12(b)(5), Federal Rules of Civil Procedure has been described as follows:

> The difference between Rules 12(b)(4) and 12(b)(5), which "is not always clear, nor always observed," is:
>
> > An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a [R]ule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint.

---

[3] Rule 12(b), Federal Rule of Civil Procedure provides, in pertinent part, as follows:
Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
. . .
(4) insufficient process;
(5) insufficient service of process . . . .

I.R.C.P. 12(b) provides, in pertinent part, as follows:
Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses shall be made by motion: . . . (4) insufficiency of process, (5) insufficiency of service of process . . . .

4

*U. S. v. Hafner*, 421 F.Supp.2d 1220, 1223 n. 3 (Dist. N.D. 2006) (quoting 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1353, pp. 334-35 (3d ed. 2004)); *Richardson v. Alliance Tire & Rubber Co., Ltd.*, 158 F.R.D. 475, 477 (Dist. Kan. 1994).

*Wasson v. Riverside County,* 237 F.R.D. 423, 424 (Cent. Dist. Cal. 2006).

In the federal courts, the standard of review for a dismissal for insufficient service of process involves application of a *de novo* standard to legal questions and a clear error standard to findings of fact. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries,* 353 F.3d 916, 920 (11th Cir. 2003)). This standard parallels that standard that we apply when reviewing mixed questions of law and fact. In such cases, the district court's findings of fact will be upheld where they are supported by substantial and competent evidence in the record and this Court will freely review the district court's application of law to its findings of facts. *Sells v. Robinson*, 141 Idaho 767, 771, 118 P.3d 99, 103 (2005) (citing *Haight v. Dales Used Cars, Inc.*, 139 Idaho 853, 855, 87 P.3d 962, 964 (Ct. App. 2003)). Thus, we deem it appropriate to apply our traditional standard of review for mixed questions of law and fact in cases involving claims of insufficiency of service of process.

Our standard of review of a dismissal pursuant to I.R.C.P. 4(a)(2) is well-established:

> Rule 4(a)(2) requires a party to serve the summons and complaint within six months of filing the complaint. Unless a party can show good cause for failure to serve within those six months, a court must dismiss the action without prejudice. I.R.C.P. 4(a)(2). A determination of whether good cause exists is a factual one. *Nerco Minerals Co. v. Morrison Knudsen Corp.*, 132 Idaho 531, 533, 976 P.2d 457, 459 (1999). Consequently, when reviewing a decision dismissing a case under the rule, "the appropriate standard of review is the same as that used to review an order granting summary judgment." *Nerco Minerals Co. v. Morrison Knudsen Corp.*, 132 Idaho 531, 533, 976 P.2d 457, 459 (1999). However, "where there is no dispute as to the factual circumstances, our review consists of ascertaining the effect of applicable law on the undisputed facts." *Martin v. Hoblit*, 133 Idaho 372, 987 P.2d 284 (1999).

*Regjovich v. First W. Inv., Inc.*, 134 Idaho 154, 157, 997 P.2d 615, 618 (2000).

### III. ANALYSIS

Herrera argues that the district court improperly granted summary judgment in favor of Rock Creek because there are genuine issues of material fact whether Rock Creek owed him a

duty of care. Because we are unable to determine what evidence the district court considered in ruling on the motion for summary judgment, we vacate the grant of summary judgment and remand for further proceedings. Herrera also argues that the district court erred by dismissing the action against Estay. We disagree and affirm the district court's dismissal of the complaint against Estay.

**A. The district court's grant of summary judgment in favor of Rock Creek must be vacated.**

Herrera advanced two theories in support of his claim that Rock Creek was negligent before the district court: (1) Rock Creek exercised sufficient control over the manner, means and method of the workplace and FrameIt's performance of its contractual obligations such that Rock Creek owed him a duty of care; and (2) Rock Creek is vicariously liable for the negligent removal of the scaffold support.

1. <u>The district court's conclusion that there is no genuine issue of material fact whether Rock Creek owed Herrera a duty of care must be vacated.</u>

With regard to Herrera's first theory, the district court concluded that "[i]f Rock Creek controlled the means, manner, and method of work performed by Herrera, then it owed a general duty of ordinary care to Mr. Herrera…." In support of this legal conclusion, the district court properly considered earlier decisions of the appellate courts of this State, citing *Vickers v. Hanover Const. Co., Inc.*, 125 Idaho 832, 875 P.2d 929 (1994), *Harpole v. State,* 131 Idaho 437, 958 P.2d 594 (1998), and *Gneiting v. Idaho Asphalt Supply, Inc.*, 130 Idaho 393, 941 P.2d 932 (Ct. App. 1997). The district court then determined that Herrera had failed to demonstrate a genuine issue of material fact supporting his claim that Rock Creek exercised the requisite control over FrameIt or Herrera.

The district court's latter determination was based upon its review of "the pleadings, affidavits, and depositions to ascertain if they raise material issues of fact for trial." Rather than identifying the evidence proffered by Herrera that it found to be inadmissible, by way of footnote, the district court simply stated: "Much of the material contained in the affidavits and depositions is not admissible because it is based on hearsay, speculation, or is conclusory. This Court has not considered such evidence in ruling on the pending motion." The district court did not specify what testimony from the depositions and affidavits that it found to be inadmissible.

There is some evidence in the record before this Court that suggests that Rock Creek exercised control over the jobsite. Herrera's affidavit contains two paragraphs that indicate that

Rock Creek exercised control over his work.[4]  Two paragraphs in Francisco Herrera's affidavit contain similar testimony.  Additionally, Jesus Herrera indicated in his deposition testimony that Peter asked him to "just do things for him, maybe frame a wall, things like that."

The admissibility of evidence under I.R.C.P 56(e) is a threshold question the trial court must analyze before applying the rules governing motions for summary judgment.  *Shane v. Blair*, 139 Idaho 126, 128, 75 P.3d 180, 182 (2003) (citing *Rhodehouse v. Stutts*, 125 Idaho 208, 211, 868 P.2d 1224, 1227 (1994)).  The trial court must look at the affidavit or deposition testimony and determine whether it alleges facts, which if taken as true, would render the testimony admissible.  *Id.*  (citing *Dulaney v. St. Alphonsus Reg. Med. Ctr.*, 137 Idaho 160, 163, 45 P.3d 816, 819 (2002)).

The admission of evidence is committed to the discretion of the trial court.  *Ada County Highway Dist. v. Total Success Inv., LLC*, 145 Idaho 360, 370 n.4, 179 P.3d 323, 333 n.4 (2008) (citing *City of McCall v. Seubert*, 142 Idaho 580, 586-87, 130 P.3d 1118, 1124-25 (2006)).  Thus, this Court reviews a trial court's evidentiary rulings for abuse of discretion, *Shane*, 139 Idaho at 128, 75 P.3d at 182, and we consider whether: (1) the trial court correctly perceived the issue as discretionary; (2) the trial court acted within the outer bounds of its discretion and with applicable legal standards; and (3) the trial court reached its decision through an exercise of reason.  *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991) (citing *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989)).

When the trial court does not identify the evidence that it has excluded, much less identify the reasons for its ruling or rulings, this Court is simply unable to fulfill its function as a reviewing court and determine whether the trial court has acted within the bounds of its discretion.  It is not appropriate for us to determine, for the first time on appeal, the admissibility of evidence.  *See Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 15, 175 P.3d 172, 177 (2007).  When the record is such that this Court is incapable of reviewing the trial court's decision for an abuse of discretion, we must remand for appropriate findings.  *Soria v. Sierra Pac. Airlines, Inc.*, 111 Idaho 594, 609, 726 P.2d 706, 721 (1986) (addressing summary denial of motion for new trial).  For this reason, we vacate the trial court's grant of summary judgment as to this first theory of negligence advanced in Herrera's claim against Rock Creek.

---

[4]     Paragraph 11 states in relevant part: "Peter Estay would direct the work that I performed, by instructing Jose Montiel how he wanted it performed."  Paragraph 12 states: "Mr. Estay would be on the construction site at least twice a day, supervising and checking the work of the employees on the site, including my own."

2. On remand, the district court must address Herrera's second theory of negligence.

Herrera also asserted that Rock Creek employees were responsible for removing the scaffold support. His affidavit asserted:

> On the day that I was seriously injured, December 16, 2002, the supporting wooden beam was removed by workers that were laying felt on the roof on top of the residence. The defendant Rock Creek Development was responsible for laying the felt on the rooftop. I saw workers from Rock Creek Development placing the felt on Pedro Estay's rooftop. It is my belief that the defendant Rock Creek Development and its employees were responsible or [sic] the removal of the supporting wooden structure, which caused the scaffolding to break and my fall.

Herrera's deposition testimony reiterated this claim. Francisco Herrera's affidavit also asserted his belief that the scaffold support was removed by Rock Creek's "workers and/or employees."

An employer is liable in tort for the tortious conduct of an employee committed within the scope of employment. *See Finholt v. Cresto*, 143 Idaho 894, 897, 155 P.3d 695, 698 (2007) (citing *Clement v. Farmers Ins. Exchange*, 115 Idaho 298, 302, 766 P.2d 768, 772 (1988)). The district court simply did not address Herrera's second theory of negligence when granting summary judgment in favor of Rock Creek. Although in this appeal, Rock Creek asserts that the Herreras' testimony is inadmissible, this is a matter to be addressed in the first instance by the trial court. Accordingly, on remand, the district court is directed to consider the admissibility of the evidence offered in opposition to Rock Creek's motion for summary judgment and to address Herrera's second theory of negligence.

**B. The district court properly dismissed the action against Estay.**

The district court's decision to dismiss this action requires a preliminary consideration of the constitutional dimensions of the rules governing service of process and the form of that process. We then consider the district court's determination that the action should be dismissed pursuant to I.R.C.P. 4(a)(2).

Service of process is the due process mechanism that vests a court with jurisdiction over a person, with the power to require such person to comply with the court's orders. *McGloon v. Gwynn*, 140 Idaho 727, 730, 100 P.3d 621, 624 (2004). Process constructively served by way of publication in a local newspaper is not, by itself, a reliable method of advising interested parties that their rights are before the courts. In *McGloon*, *id.*, we took note of "constructive comments" from the United States Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.*:

Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.

339 U.S. 306, 315 (1950). Thus, in the context of service of process, due process requires:

notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information ..., and it must afford a reasonable time for those interested to make their appearance.

*McGloon*, 140 Idaho at 730, 100 P.3d at 624 (quoting *Mullane*, 339 U.S. at 314 (citations omitted)). The constitutional validity of service of process hinges on whether the process "is in itself reasonably certain to inform those affected, or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes." *Mullane*, 339 U.S. at 315 (citations omitted).

This Court's previous decisions involving constructive service though local newspapers and the due process requirements of notice require that a plaintiff mail a copy of the summons and complaint to the last known address most likely to give notice to an interested party. *McGloon*, 140 Idaho at 731, 100 P.3d at 625; *Evans v. Galloway*, 108 Idaho 711, 701 P.2d 659 (1985); I.R.C.P. 4(e)(1). The instant case asks this Court to decide what information the due process requirements of notice require a plaintiff to include when initiating constructive service though a local newspaper.

In order to provide a method of constructive service by publication that meets the due process requirements of notice, this Court has adopted I.R.C.P. 4(e)(1), *McGloon*, 140 Idaho at 731, 100 P.3d at 625, which provides in relevant part:

Whenever the summons, notice or order is served by publication *it shall contain in general terms a statement of the nature of the grounds of the claim*, and copies of the summons and complaint shall be mailed to the last known address most likely to give notice to the party.

I.R.C.P. 4(e)(1) (emphasis added). In order to apprise an interested party of the pendency of an action and afford them an opportunity to present their objections, at a minimum, the notice must convey the nature of the grounds of the claim. A summons format that complies with the due process requirements of notice for constructive service by publication is found in I.R.C.P. 4(b)(3), which provides in relevant part:

9

Where service is to be made by publication, the Summons to be published shall be substantially as follows:

SUMMONS

To: [Defendant's Name]
    You have been sued by [Plaintiff's Name], the Plaintiff, in the District Court in and for [Name of County] County, Idaho, Case No. [Case No.].
    The nature of the claim against you is [nature of claim].
    Any time after 20 days following the last publication of this summons, the court may enter a judgment against you without further notice, unless prior to that time you have filed a written response in the proper form, including the Case No., and paid any required filing fee to the Clerk of the Court at [address and telephone number of the clerk] and served a copy of your response on the Plaintiff's attorney at [name, address, and phone number of Plaintiff's attorney].
    A copy of the Summons and Complaint can be obtained by contacting either the Clerk of the Court or the attorney for Plaintiff. If you wish legal assistance, you should immediately retain an attorney to advise you in this matter.
Dated:_____
[Name of County] County District Court
By_____, Deputy Clerk

Herrera did not use the summons in the form provided by I.R.C.P. 4(b)(3) when he published notice in the *Teton Valley News*. Instead, Herrera used the summons in the form provided by I.R.C.P. 4(b)(2). Idaho Rule of Civil Procedure 4(b)(2) contains the form of a summons for use in civil proceedings other than eviction proceedings.[5] Therefore, we must examine what information was included in the summons used by Herrera and determine whether that information apprised Estay of the pendency of the action and afforded him an opportunity to present his objections.

Herrera's summons published in the *Teton Valley News* provided the following:

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TETON

Case No. CV04-453
SUMMONS
JESUS HERRERA Plaintiff
VS. PEDRO ESTAY, ROCK CREEEK DEVELOPMENT, LLC Defendant.

NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S). THE COURT MAY ENTER JUDGMENT AGAINST YOU

---

[5] I.R.C.P. 4(b)(1) provides the requirements and an example of a summons for use in eviction proceedings.

10

WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO: PEDRO ESTAY

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court within 20 days after service of this Summons on you. If you fail to so respond the court may enter judgment against you as demanded by the plaintiff(s) in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice of or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

I. The title and number of this case.

II. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

III. Your signature, mailing address and telephone number, OR the signature, mailing address and telephone number of your attorney.

IV. Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this 13th day of OCTOBER, 2004

CLERK OF THE DISTRICT COURT

Deputy Clerk

Published in the Teton Valley News May 19, 26, June 2, 9, 2005. #1415

Although the summons indicated that a copy of the complaint was served with the summons, the complaint was not published in the *Teton Valley News*.

The district court identified a number of deficiencies in Herrera's summons when compared to I.R.C.P. 4(b)(3). The district court found that Herrera's summons did not: (1) contain any information regarding the nature of the claim filed against Estay; (2) specify when the twenty day default period began to run; (3) advise Estay where a copy of the underlying complaint may be obtained; and did not (4) include the address and telephone number of the clerk of the court. Most significant, for purposes of the due process requirements of notice, is the fact that Herrera's summons did not "contain in general terms a statement of the nature of the grounds of the claim," in compliance with I.R.C.P. 4(e)(1), and therefore, the due process requirements of notice. Without knowing the nature of the grounds of the claim against him, Estay was neither apprised of the pendency of the action nor afforded an opportunity to present his objections. This deficiency alone fails to meet the due process requirement of notice.

11

Consequently, Herrera's attempt to constructively serve Estay by publication was deficient and the district court correctly determined that Estay was not subject to its personal jurisdiction.

Thus, the district court properly concluded that Herrera failed to timely serve Estay. A party who fails to effect timely service bears the burden of demonstrating good cause. *Harrison v. Bd. of Prof'l Discipline of Idaho State Bd. of Med.*, 145 Idaho 179, 183, 177 P.3d 393, 397 (2008) (citing *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 346, 941 P.2d 314, 318 (1997)). Whether or not good cause exists is a factual determination. *Rudd v. Merritt*, 138 Idaho 526, 532, 66 P.3d 230, 236 (2003) (citing *Regjovich*, 134 Idaho at 157, 997 P.2d at 618). When reviewing the district court's decision, we "must liberally construe the record in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor." *Harrison*, 145 Idaho at 182-83, 177 P.3d at 396-97.

The district court concluded that Herrera's "failure to follow the applicable Rules cannot be used as a 'bootstrap' to support an argument of 'good cause' for failure to timely serve." Despite the liberal standard of review, we are constrained to agree with the district court that Herrera's failure to comply with the rules governing service of process does not rise to the level of good cause. Accordingly, we affirm the district court's dismissal of the action against Estay.

**C. The parties' requests for an award of attorney fees are denied.**

All three parties have requested an award of attorney fees incurred in connection with this appeal. We will address those requests separately.

1. <u>Herrera's request for attorney fees.</u>

Herrera requests an award of attorney fees "in accordance with I.A.R. 35(a)(5)." This request was not supported by citation to a statute or other authority. The appellate rule to which Herrera cites requires that he "state the basis for the claim." We have noted that I.A.R. 35(a)(6) requires "citations to the authorities, statutes and parts of the transcript and record relied upon," and that if an appellant fails to comply with this rule, this Court will not address a claim for attorney fees. *Miller v. Estate of Prater*, 141 Idaho 208, 215, 108 P.3d 355, 362 (2005) (citing *Samuel v. Hepworth, Nungester & Lezamiz, Inc.*, 134 Idaho 84, 90, 996 P.2d 303, 309 (2000); *Weaver v. Searle Bros.*, 131 Idaho 610, 616, 962 P.2d 381, 387 (1998)). Accordingly, Herrera's request for an award of attorney fees is denied.

2. <u>Rock Creek's request for attorney fees.</u>

Rock Creek requests an award of attorney fees pursuant to I.C. § 12-121 and I.A.R. 11.1. Idaho Code § 12-121 allows an award of "reasonable attorney's fees to the prevailing party." Rock Creek has not prevailed on this appeal; therefore, it is not entitled to an award of attorney fees. *Total Success Investments, LLC*, 145 Idaho at 372, 179 P.3d at 335. Idaho Appellate Rule 11.1 directs the Court to award expenses, including attorney fees, incurred because of an appeal not reasonably grounded in fact or law and filed for an improper purpose. *Wichterman v. J.H. Kelly, Inc.*, 144 Idaho 138, 142, 158 P.3d 301, 305 (2007) (citing *Shriner v. Rausch,* 141 Idaho 228, 232, 108 P.3d 375, 379 (2005)). Because Herrera has persuaded us that the district court's grant of summary judgment must be vacated, Rock Creek is not entitled to an award of attorney fees pursuant to I.A.R. 11.1.

3. <u>Estay's request for attorney fees.</u>

Estay requests an award of attorney fees pursuant to I.C. 12-121. Although Estay has prevailed on this appeal, attorney fees are awarded under this statute only when "the action was brought or pursued frivolously, unreasonably or without foundation." *Baker v. Sullivan*, 132 Idaho 746, 751, 979 P.2d 619, 624 (1999). Although we have determined that the district court did not err in dismissing the action against Estay, the question presented to this Court involved a matter of first impression. We are unable to conclude that Herrera pursued this appeal frivolously. Thus, we decline to award Estay attorney fees.

## IV. CONCLUSION

We vacate the district court's grant of summary judgment in favor of Rock Creek, remand the case to the district court for additional consideration, and affirm the district court's dismissal of Herrera's complaint against Estay. We decline to award attorney fees on appeal. Costs are awarded to Herrera against Rock Creek and to Estay against Herrera.


Chief Justice EISMANN, Justices BURDICK, J. JONES and W. JONES **CONCUR**.

13