Chief Justice EISMANN,
specially concurring.
I concur in the majority opinion, but write only to add additional thoughts as to what is required to establish the local standard of care. “How an expert becomes familiar with that standard of care is a legal issue, not a medical issue.” Ramos v. Dixon, 144 Idaho 32, 37, 156 P.3d 533, 538 (2007). Thus, the medical expert needs assistance from counsel in knowing what is required to learn the applicable standard of care.
The applicable standard of care must be specific to the issues of care involved in the particular case. “The standard of care is simply the care typically provided under similar circumstances by the relevant type of health care provider in the community at the time and place of the alleged negligent act.” Shane v. Blair, 139 Idaho 126, 130, 75 P.3d 180, 184 (2003).
In this case, Dr. Pressman answered “yes” to the questions of whether it was the standard of practice “to take an adequate history before you did a cataract history,” “to keep current in the medical literature in your field,” and to “pay attention to [what the FDA says about drugs].” General questions such as this do not establish the applicable standard of care, any more than a question such as, “It is the local standard of care not to commit malpractice?”