**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42670**

| | |
|---|---|
| LINDA K. SALAMINA and CHARLES J. SALAMINA, wife and husband and the marital community comprised thereof; SOPHIA N. PATTERSON and JOSHUA PATTERSON, wife and husband and the marital community comprised thereof, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ESTATE OF JACQUELYN N. MAUZEY, JACQUELYN N. MAUZEY and JOHN DOE MAUZEY, wife and husband and the marital community comprised thereof, <br><br> Defendants-Respondents. | 2015 Unpublished Opinion No. 560 <br><br> Filed: July 20, 2015 <br><br> Stephen W. Kenyon, Clerk <br><br> **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment dismissing complaint for damages in tort action, affirmed.

Phelps & Associates; Douglas D. Phelps, Spokane, Washington, for appellants.

Susan K. Servick, Coeur d'Alene, for respondents.

WALTERS, Judge Pro Tem

This is an action for damages arising from the negligent operation of a motor vehicle. The district court dismissed the action on the grounds of lack of jurisdiction over the named defendants and because of ineffective service of process. We affirm.

**I.**

**BACKGROUND**

The following undisputed facts appear in the record. On November 9, 2011, a motor vehicle accident occurred between the defendant, Jacquelyn N. Mauzey, and the plaintiffs, Linda

1

Salamina and Sophia Patterson. On January 14, 2013, Ms. Mauzey died. On October, 8, 2013, the plaintiffs filed a complaint against Ms. Mauzey and John Doe Mauzey seeking recovery of damages resulting from the automobile accident. On November 9, 2013, the two-year statute of limitation for tortious personal injuries expired. After the plaintiffs discovered the death of Ms. Mauzey, they obtained an order from the district court authorizing amendment of the complaint to add the Estate of Jacquelyn N. Mauzey as a named defendant. The amended complaint was filed on March 25, 2014, and on March 31, 2014, a copy of the amended complaint was served on William Wixom, Jr., son of Jacquelyn N. Mauzey. Pursuant to Idaho Rule of Civil Procedure 4(i)(2), a notice of special appearance to contest personal jurisdiction was filed on behalf of the defendants in April 2014. On July 22, 2014, a motion for summary judgment seeking dismissal of the action was filed by the defendants, supported by an affidavit of Teresa Parker, Jacquelyn N. Mauzey's daughter.

Teresa Parker's affidavit represented that she was the daughter of Jacquelyn N. Mauzey; that her mother was divorced and not married at the time of the accident with the plaintiffs and remained unmarried at the time of her death; that at the time of her death Jacquelyn N. Mauzey had about $550 cash, a vehicle, and no other assets; that she died intestate and that there had been no estate filed, formal or informal; that William Wixom, Jr., was her brother and Jacquelyn Mauzey's oldest son and that Mr. Wixom was not and never had been the personal representative of Ms. Mauzey's estate.

Following oral argument on the motion and based on the evidence submitted by way of Teresa Parker's affidavit, the district court granted the motion dismissing the action without prejudice under Idaho Rules of Civil Procedure 12(b)(2) and 12(b)(5). The district court determined that the action could not be maintained against the Estate of Jacquelyn N. Mauzey because no personal representative for the estate had ever been appointed; that the action could not be maintained against Jacquelyn N. Mauzey individually because the action was not commenced before Jacquelyn N. Mauzey passed away; and that the action could not be maintained against John Doe Mauzey because the Mauzeys were divorced at the time of the incident and did not remarry and as such there was no marital community as a predicate for liability on the part of John Doe Mauzey. Finally, the district court held that service of process on William Wixom, Jr., did not perfect service upon the named defendants because he had no authorization by law or otherwise to accept service of process on Jacquelyn N. Mauzey, John

Doe Mauzey, or the alleged Estate of Jacquelyn N. Mauzey. The plaintiffs timely appealed from the judgment dismissing the action, asserting that the district court erred by dismissing the action.

## II.

## DISCUSSION

The appellants pose the issue on appeal as: "Did the District Court erroneously grant the Defendants' Rule 12(b)(2) and 12(b)(5) Motions to Dismiss?" Because the appellants fail to present any compelling argument demonstrating that the district court erred, we answer the question posed by the appellants in the negative. Our analysis is as follows.

Pursuant to I.R.C.P. 12(b)(2) and 12(b)(5), a challenge to the jurisdiction of the trial court over the person of a defendant and raising the insufficiency of service of process may be made by motion rather than by other responsive pleadings.[1] The standard of review of an order granting or denying a motion pursuant to Rule 12(b) is the traditional one utilized by the appellate court for mixed questions of law and fact in cases involving claims of insufficiency of service of process. *Herrera v. Estay*, 146 Idaho 674, 679, 201 P.3d 647, 652 (2009). In such cases, the district court's findings of fact will be upheld where they are supported by substantial and competent evidence in the record and the appellate court will freely review the district court's application of law to its findings of facts. *Id.* (citing *Sells v. Robinson*, 141 Idaho 767, 771, 118 P.3d 99, 103 (2005) and *Haight v. Dales Used Cars, Inc.*, 139 Idaho 853, 855, 87 P.3d 962, 964 (Ct. App. 2003)). The same standard logically applies to a dismissal for lack of jurisdiction over the person of a defendant, which entails mixed questions of fact and law.

In dismissing the action against the named defendants, the district court applied relevant law to the undisputed facts presented to the court. The district court noted that Idaho Code section 5-327(1) addressed the abatement of an action for damages based upon the alleged negligence of a wrongdoer. That statute provides in pertinent part that "causes of action arising

---

[1]     Idaho Rule of Civil Procedure 12(b) provides, in pertinent part, as follows:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses shall be made by motion:  . . . (2) lack of jurisdiction over the person . . . (5) insufficiency of service of process . . . .

out of injury to the person or property, or death, caused by the wrongful act or negligence of another, except actions for slander or libel, shall not abate upon the death of the wrongdoer." The statute goes on to provide that "each injured person or the personal representative of each one meeting death, as above stated, shall have a cause of action against the personal representative of the wrongdoer . . . ." The district court noted the application of another statute, Idaho Code section 15-3-104, which provides that: "No proceeding to enforce a claim against the estate of a decedent or his successors may be revived or commenced before the appointment of a personal representative." In passing, the district court district court explained that Idaho Code section 15-3-203(a) provides for the appointment of a personal representative from among devisees and heirs, such as Jacquelyn N. Mauzey's children, Mr. Wixom and Ms. Parker. The district court found, however, that according to the undisputed evidence presented, no personal representative had ever been appointed for Jacquelyn N. Mauzey's estate. Accordingly, the district court determined that the action had to be dismissed against Jacquelyn N. Mauzey personally because it had not been commenced against her while she was still living and dismissed against her estate because no personal representative had been appointed for the estate before the action was commenced.[2]

The district court recognized that, under Idaho Code section 15-3-203, the plaintiffs could have petitioned the court to appoint a personal representative for the Estate of Jacquelyn N. Mauzey in order to maintain an action as a creditor to pursue recovery against the decedent's assets, but the undisputed evidence showed that such a course of action was never initiated. The district court rejected the suggestion by the plaintiffs that they should be allowed to substitute as defendants Jacquelyn Mauzey's heirs for Ms. Mauzey or her alleged estate in this action without complying with statutory procedure. Accordingly, the district court concluded that it did not have personal jurisdiction over the defendants and that the action should be dismissed without prejudice. Upon our review we conclude that the uncontroverted evidence in the record does not support a finding otherwise.

The district court also considered the question raised concerning the propriety of service of process on William Wixom, Jr., Jacquelyn N. Mauzey's son. The district court first noted that

---

[2] The district court also dismissed the action as against the "marital community" of Jacquelyn N. Mauzey and John Doe Mauzey and as against John Doe Mauzey personally because the undisputed evidence showed that the Mauzeys were divorced and unmarried at the time the cause of action arose. This determination is not challenged on appeal.

4

Idaho Rule of Civil Procedure 4(d)(2) provides that service of process can be made by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. The district court found that the defendant Jacquelyn N. Mauzey was never served with the complaint or the amended complaint before she passed away, and that John Doe Mauzey had never been served with the complaint or amended complaint. The court observed that the record failed to contain a certificate of service showing that William Wixom was individually served as required by Idaho Rule of Civil Procedure 5(f) but that, nevertheless, all parties asserted that Mr. Wixom was served with the amended complaint and the summons. The court determined that the plaintiffs did not present any testimony by way of affidavit or deposition to counter the evidence presented by the defendants that William Wixom was not authorized to accept service of process on behalf of any defendant. The district court finally ruled:

> Therefore, as a matter of law, this Court concludes and liberally construing the record in the light most favorable to the plaintiffs and drawing any and all reasonable inferences in plaintiffs' favor, that service of process on [William] Wixom did not perfect service upon defendants because Mr. Wixom had no authorization by law or otherwise to accept service of process on Mrs. Mauzey, John Doe Mauzey, or the alleged Estate of Jacquelyn Mauzey.
> Further, this Court finds that Mr. Wixom was not an executor, was not a personal representative of the estate at the time of the service and as such Mr. Wixom was not an agent authorized by appointment or by law to receive service of process.
> Mr. Wixom had no authority to accept service of process on behalf of the estate or any other party alleged in this matter. As such, defendants' motion to dismiss pursuant to Rule 12(b)(5) is granted without prejudice, again, as mentioned in the last analysis.

We have reviewed the findings of fact made by the district court and conclude that those findings are fully supported by substantial and competent evidence in the record. Accordingly, those findings of fact will be upheld. Furthermore, our review of the district court's application of law to its findings of facts discloses no error. The judgment dismissing the action without prejudice is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.