**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 32879**

| | | |
|---|---|---|
| LANA CAMPBELL, | ) | Lewiston, April 2007 Term |
| Plaintiff-Appellant-Cross Respondent, | ) | |
| v. | ) | 2007 Opinion No. 73 |
| MICHAEL E. REAGAN, | ) | Filed: May 3, 2007 |
| Defendant-Respondent-Cross Appellant. | ) | Stephen W. Kenyon, Clerk |

Appeal from the District Court of the Second Judicial District of the State of Idaho, for the County of Lewis.  Hon. John H. Bradbury, District Judge.

Judgment dismissing the action is affirmed.

Aherin, Rice & Anegon, Lewiston, for appellant.  Darrel W. Aherin argued.

Ramsden & Lyons, Coeur d'Alene, for respondent.  Michael E. Ramsden argued.

_____

JONES, Justice

Lana Campbell appeals a judgment dismissing her action for failing to timely serve Respondent, Michael Reagan, with the summons and complaint. The district court found that Campbell had not demonstrated good cause for her failure to effect timely service within the time prescribed by Idaho Rule of Civil Procedure 4(a)(2).[1]  We affirm.

**I.**

Campbell filed a complaint on October 27, 2004, alleging that Reagan, an attorney, participated with her ex-husband in a scheme to defraud her of marital property in a divorce settlement.  Campbell mailed Reagan a letter the next day, with a copy of the

---

[1] Reagan filed a cross appeal regarding the form of the judgment but indicated at oral argument that the issue of concern had been mooted by that time.

1

summons and complaint enclosed, informing him that she was prepared to entertain settlement negotiations. The letter stated that she would "proceed with service" if she did not receive a reply by November 15, 2004. Upon receipt of the letter, Reagan retained the services of attorney Michael Ramsden. A member of Ramsden's law firm faxed Campbell a letter on November 12, 2004, which stated in pertinent part:

> [Ramsden] is currently in the fourth week of what appears to be a six-week trial. Our office has not received any file or other documents related to this claim and we are unclear as whether Mr. Reagan has actually been served. Regardless, I appreciate your granting an extension of time (assuming the summons and complaint have been served) and not taking any action adverse to our client without prior notice.

Campbell asserts that within about a month's time her attorney spoke several times by phone with Ramsden's firm and was advised Ramsden needed additional time to address Campbell's suit because he was either engaged in the lengthy trial or trying to regroup from the rigors of the trial.

Thereafter, the parties had no further correspondence until shortly before August 8, 2005, when Reagan's attorney informed Campbell's attorney that Reagan had not been formally served within the six-month time period prescribed by Rule 4(a)(2). Campbell then filed an ex-parte motion requesting the district court to enlarge the service time, asserting that good cause supported the motion. The district court granted Campbell's request, and Campbell proceeded to serve Reagan with the summons and complaint on August 12, 2005. When Reagan filed his answer, he asserted Campbell's failure to timely serve process as a defense. Campbell challenged Reagan's defense in a Rule 12(c) motion, alleging it was invalid because the district court had entered an order extending the time for service. Reagan responded by filing a motion for reconsideration of the court's decision to extend the service time, along with a motion for summary judgment asserting that no genuine issue of material fact existed as to whether Campbell timely served process.

The district court granted Reagan's motions, finding that Campbell had not demonstrated good cause for failing to timely serve process. The district court dismissed the case "without prejudice." Campbell appeals the district court's decision to reconsider its order extending the service time and its finding that she failed to establish good cause.

2

Reagan cross appeals, asserting the district court erred in not dismissing the case "on the merits."

## II.

In this opinion, we address the following issues: (1) whether the district court erred in determining Campbell did not establish good cause for her failure to timely serve process, and (2) whether the district court erred in reconsidering its order allowing late service.

### A.

When reviewing a summary judgment order, this Court applies the same standard as the district court. *Foster v. Traul*, 141 Idaho 890, 892, 120 P.3d 278, 280 (2005). Whether good cause exists under Rule 4(a)(2) for a plaintiff's failure to effect timely service is a factual determination. *Sammis v. Magnetek, Inc.,* 130 Idaho 342, 346, 941 P.2d 314, 318 (1997). As such, "[t]he standard of review on appeal is the same as that for reviewing the granting of a motion for summary judgment." *Rudd v. Merritt*, 138 Idaho 526, 532, 66 P.3d 230, 236 (2003). This Court will construe all disputed facts liberally in favor of the non-moving party, and all reasonable inferences will be drawn in favor of the non-moving party. *Hayward v. Jack's Pharmacy Inc.*, 141 Idaho 622, 625, 115 P.3d 713, 716 (2005). When analyzing whether good cause exists, this Court focuses on the six-month period beginning on the date the complaint was filed. *Sammis*, 130 Idaho at 346, 941 P.2d at 318.

### B.

Campbell has not shown good cause for her failure to timely serve process. Rule 4(a)(2) requires that a plaintiff serve a defendant with the summons and complaint within six months of filing the complaint. When a plaintiff fails to serve a defendant within the prescribed period "the action shall be dismissed as to that defendant without prejudice," unless the plaintiff demonstrates good cause for the untimely service. I.R.C.P. 4(a)(2).

The parties do not dispute that Campbell did not serve Reagan with process within six months of filing. As a result, Rule 4(a)(2) dictates that we affirm the district court's grant of summary judgment, unless Campbell demonstrates good cause for her untimely service. Campbell asserts two reasons why good cause existed for her untimely service: (1) within a day of filing she mailed Reagan a copy of the summons and

3

complaint and he proceeded thereafter as if he had been formally served, and (2) she was wrongfully enticed by Reagan's attorney to delay formal service. Each argument will be addressed in turn.

**i.**

Campbell argues that good cause existed because she informally mailed Reagan a copy of the summons and complaint a day after filing and Reagan proceeded thereafter as if he had formally been served. Reagan asserts that neither his knowledge of the claim, nor his actions following his receipt of Campbell's letter, constitute good cause excusing Campbell's failure to timely serve process.

That Campbell mailed Reagan a copy of the summons and complaint will not establish good cause for her delay in serving him with process. Idaho Rule of Civil Procedure 4(c)(1) provides that service of process cannot be made by a party to the suit, but rather must be made by "an officer authorized by law to serve process." Thus, the sole consequence of Reagan's receipt of Campbell's letter was to put him on notice that a claim had been filed against him. In *Telford v. Mart Produce, Inc.*, 130 Idaho 932, 935, 950 P.2d 1271, 1274 (1998), this Court held that a defendant's prior notice of a claim does not establish good cause for a plaintiff's failure to timely serve the defendant. Campbell attempts to factually distinguish this case from *Telford* on the ground that the defendant in this case informally received the actual papers – a copy of the summons and complaint – within the prescribed six-month period, whereas the defendant in *Telford*, while having knowledge of the complaint, did not. This is a distinction without a difference. Reagan's receipt of the summons and complaint did nothing more than put him on notice that Campbell had filed a claim against him. *Telford* stands for the proposition that such notice will not excuse a plaintiff's failure to timely serve process. *Id*.

Campbell also contends that good cause existed because Reagan proceeded in a manner identical to that which he would have proceeded had he formally been served. In particular, Campbell claims that Reagan responded to her letter by retaining an attorney and engaging in certain correspondence with her during the six-month period. Asserting that Reagan acted as if he had been formally served is an alternative way of arguing that Reagan did not suffer any prejudice by receiving untimely service. In *Sammis*, 130 Idaho

at 348, 941 P.2d at 320, this Court held that "lack of prejudice to the defendant does not constitute a reason *why* service could not be made." *See also Necro Minerals Co. v. Morrison Knudsen Corp.*, 132 Idaho 531, 534, 976 P.2d 457, 460 (1999) ("whether the defendant suffered prejudice is irrelevant in determining if the plaintiff had good cause"). The fact that Reagan may have proceeded as if he had formally received service does not excuse Campbell's untimely service.

Furthermore, this Court has stated that "[i]f a plaintiff fails to make any attempt at service within the time period of the rule, it is likely that a court will find no showing of good cause." *Martin v. Hoblit*, 133 Idaho 372, 377, 987 P.2d 284, 289 (1999). The fact that Reagan informally received a copy of the summons and complaint, hired an attorney, and communicated with Campbell on several occasions, does not negate the fact that Campbell did not make any attempt to properly serve Reagan during the six months following the filing of the complaint. The district court did not err in holding that Campbell failed to demonstrate good cause existed on this ground.

**ii.**

Campbell additionally contends that good cause existed because Reagan strategically and wrongfully enticed her to delay service of the summons and complaint for the improper purpose of having the case dismissed on procedural grounds. In particular, she relies upon certain correspondence with Reagan's attorney in which he requested additional time to deal with a lengthy trial before addressing this case. Campbell asserts that her attorney extended Ramsden a professional courtesy by refraining from immediately serving process and "accepted in good faith that Ramsden would contact him promptly after his exhausting trial schedule" cleared up.

Campbell argues that this Court's holding in *Martin* leaves open the possibility that good cause may exist if the defendant wrongfully entices the plaintiff to delay service of process. In *Martin*, this Court held that the on-going settlement negotiations, which took place during the six months following the filing of the complaint, did not constitute good cause for the plaintiff's untimely service. 133 Idaho at 376, 987 P.2d at 288. However, Campbell argues that this Court reached that decision only after first making the finding that the defendant did nothing to "entic[e] the [plaintiffs] to forego service" during the settlement talks. *Id*. Thus, Campbell argues that a defendant's

5

wrongful enticement of a plaintiff to delay service can provide good cause for untimely service. Assuming that wrongful enticement may constitute good cause, there is nothing in the record indicating that Reagan wrongfully enticed Campbell to delay serving process.

Although Reagan's attorney requested additional time to finish his trial before addressing this case, the record indicates that he did not ask Campbell to refrain from serving process. Rather, in a letter to Campbell dated November 12, 2004, Ramsden indicated a lack of knowledge as to whether Reagan had been served. The November 12 letter also indicates that Ramsden was merely requesting an enlargement of time to answer in the event Reagan had been served. He did not request that service to be held in abeyance. Thus, Ramsden did not engage in any action that wrongfully caused Campbell's attorney to refrain from timely serving process. Indeed, nothing in the record indicates that the parties discussed how or when Campbell intended to serve Reagan. At oral argument, counsel for both parties acknowledged that there had been no communication regarding the possibility that Ramsden might accept service on behalf of Reagan.

Additionally, although Campbell asserts in her briefing that her attorney accepted in good faith that Ramsden would contact him after his trial schedule cleared in order to commence action in this case, nothing in the records indicates the parties had an agreement in that regard. Rather, it appears that Campbell's attorney merely assumed Reagan's attorney would contact him once his trial ended to remind him to serve process. The fact that Reagan's attorney did not contact Campbell until after the six-month period for serving process had expired will not establish good cause in this case. The Idaho Rules of Civil Procedure placed no duty upon Reagan to contact Campbell or remind her to serve process. Campbell had the sole responsibility of making sure process was timely served in accordance with Rule 4(a)(2).

## C.

Campbell argues that the district court erred in reconsidering its order allowing late service. Campbell concedes that the district court had the authority to reconsider and vacate its order pursuant to I.R.C.P. 11(a)(2)(B), but argues that the court properly exercised its discretion when it originally granted the motion for an extension, and abused

its discretion by setting aside the order because good cause for the extension existed in this case. "The decision to grant or deny a request for reconsideration generally rests in the sound discretion of the trial court." *Carnell v. Barker Mgmt. Inc.*, 137 Idaho 322, 329, 48 P.3d 651, 658 (2002). Because we hold that the district court did not err in finding that Campbell failed to establish good cause, we also hold that the district court did not abuse its discretion by setting aside its initial order allowing late service.

**III.**

Because Campbell has not demonstrated good cause for her failure to effect timely service, the district court's order dismissing Campbell's case without prejudice is affirmed.

Chief Justice SCHROEDER, and Justices TROUT, EISMANN and BURDICK CONCUR.