# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 33862

H. RAY HARRISON and JULIE )
HARRISON, husband and wife, )
     )
    Plaintiffs-Appellants, )
     )
v. )
     )
THE BOARD OF PROFESSIONAL )
DISCIPLINE of the IDAHO STATE )
BOARD OF MEDICINE, a subdivision of the )
State of Idaho, Department of Self- )
Regulating Agencies, )
     )
    Defendant-Respondent. )

Boise, January 2008 Term

2008 Opinion No. 16

Filed: January 29, 2008

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Kathryn A. Sticklen, District Judge.

District court order dismissing complaint, affirmed.

Rossman Law Group, PLLC, Boise, for appellants. Chad Matthew Nicholson argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. James Delund Carlson, Deputy Attorney General argued.

---

BURDICK, Justice

This appeal arises from the district court's dismissal of a complaint for failure to effect timely service. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellants H. Ray Harrison and Julie Harrison (the Harrisons) filed a complaint against Respondent Board of Professional Discipline of the Idaho State Board of Medicine (the Board). The complaint alleged the Board was negligent for allowing Dr. Jeffrey Hartford to retain his medical license in light of his history of drug and alcohol abuse and violation of the Board's requirement that he refrain from use of drugs or alcohol. This complaint was filed with the court

1

on November 14, 2005. The Attorney General was served with the complaint on May 10, 2006. The Secretary of State was served with the complaint on June 2, 2006.

On May 26, 2006, the Board filed a motion to dismiss the Harrisons' complaint. The Board argued it was immune from suit and that the Harrisons had failed to serve process within six months of filing their complaint as required by I.R.C.P. 4(a)(2). After a hearing, the district court concluded the Harrisons failed to timely complete service of process and dismissed their complaint. The Harrisons appealed.

## II. STANDARD OF REVIEW

When this Court reviews a district court's order granting a motion to dismiss, we employ the same standard used when reviewing the grant of a motion for summary judgment. *Gibson v. Ada County*, 142 Idaho 746, 751, 133 P.3d 1211, 1216 (2006). "The standard of review on appeal from an order granting summary judgment is the same standard that is used by the district court in ruling on the motion." *Id.*

## III. ANALYSIS

The Harrisons argue the Idaho Rules of Civil Procedure did not require service upon the Secretary of State within six months after filing their complaint and that if such service was required they have shown "good cause" for the failure to effect service. The Board argues the Harrisons did not comply with the Idaho Rules of Civil Procedure and that in the alternative, it is entitled to absolute immunity and immunity pursuant to I.C. § 39-1392c. We will first address the service requirement and then good cause. Our disposition of the case makes it unnecessary to consider the Board's immunity arguments.

**A. The complaint was untimely served.**

The interpretation of the Idaho Rules of Civil Procedure is a matter of law over which this Court exercises free review. *Canyon County Bd. of Equalization v. Amalgamated Sugar Co.*, 143 Idaho 58, 60, 137 P.3d 445, 447 (2006). The Idaho Rules of Civil Procedure "shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding." I.R.C.P. 1(a); *Edmunds v. Kraner*, 142 Idaho 867, 878, 136 P.3d 338, 349 (2006).

The Board argues it was necessary for the Harrisons to comply with the portion of the Idaho Tort Claims Act (ITCA) requiring that "[i]n all actions under this act against the state or its employee the summons and complaint shall be served on the secretary of state. . . ." I.C. § 6-916. The Harrisons argue this statutory requirement does not contain any specific time limit, and

2

thus, their claim is not barred by their failure to serve the Secretary of State within six months. The Board argues the timeliness requirement in I.R.C.P. 4(a)(2) applies.

That rule provides that absent a showing of good cause, service of the summons and complaint must be made upon a defendant within six months after filing the complaint. I.R.C.P. 4(a)(2). Our rules of civil procedure then provide that service upon the state of Idaho is made by delivering two copies of the summons and complaint to the attorney general, and in addition, "[i]n all actions brought under specific statutes requiring service to be made upon specific individuals or officials, service shall be made pursuant to the statute. . . ." I.R.C.P. 4(d)(5). Thus, reading the rules together, when the State is a defendant, the attorney general and officials who require service pursuant to statutes under which an action is brought must be served and that service of the summons and complaint must be made within six months after filing the complaint.

The Harrisons first argue that I.R.C.P. 4(d)(5) only requires service be made upon the Attorney General and that service upon individuals for actions brought under a specific statute is only "in addition" to that requirement. This argument is without merit. The rule covers service upon the State and it requires (1) that service always be made upon the attorney general and (2) that service be made upon other officials when required by statute. Service upon the persons designated in I.R.C.P. 4(d)(5) must be made within six months after filing the complaint and the failure to do so without good cause results in dismissal of the action. I.R.C.P. 4(a)(2).

The Harrisons next argue their negligence action was not "brought under" the ITCA within the meaning of I.R.C.P. 4(d)(5). The Harrisons base this argument on their assertion that ITCA does not grant any substantive rights to sue the state—instead, the substantive right to sue is based on common law negligence. However, this argument is without merit.

ITCA provides that unless otherwise provided in the act, "every governmental entity is subject to liability for money damages arising out of its negligent or otherwise wrongful acts or omissions . . . where the governmental entity if a private person or entity would be liable for money damages under the laws of the state of Idaho. . . ." I.C. § 6-903(a). This statutory provision makes clear that ITCA is not merely procedural and that it provides a substantive right of recovery. *Id.*; *see also Lawton v. City of Pocatello*, 126 Idaho 454, 458, 886 P.2d 330, 334 (1994) (ITCA "renders a governmental entity liable for damages arising out of its negligent acts or omissions."); *Leliefeld v. Johnson*, 104 Idaho 357, 375, 659 P.2d 111, 129 (1983) ("The right

3

to recover from the State is statutory and is analogous to [a] statutory cause of action. . . . The ITCA provide[s] a right of recovery. . . .").

The Harrisons' right to sue the State arises from ITCA which is a statutory creation. Consequently, we hold the Harrisons' action was "brought under" the statutory guidelines of the ITCA, and thus, pursuant to I.R.C.P. 4(a)(2), I.R.C.P. 4(d)(5), and I.C. § 6-916, the Harrisons should have served the summons and complaint upon the Secretary of State as well as the Attorney General within six months after filing the complaint.

**B. The Harrisons have not shown good cause for the untimely service.**

The Harrisons argue dismissal was inappropriate in this case because good cause exists for their failure to serve the summons and complaint upon the Secretary of State within six months after filing the complaint. They assert there was no basis to believe it was necessary to serve the Secretary of State, and their misunderstanding was based on a reasonable interpretation of the rules.

If the summons and complaint are not served upon the defendant within six months after filing the complaint "and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice. . . ." I.R.C.P. 4(a)(2). Whether good cause exists is a factual determination. *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 346, 941 P.2d 314, 318 (1997). As such, the Court uses the same standard of review as that used to review an order granting summary judgment. *Id.* When reviewing a trial court's decision that a party failed to establish good cause, we "must liberally construe the record in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor." *Id.* The party who failed to effect timely service has the burden to demonstrate good cause. *Id.*

There is no bright-line test in determining whether good cause exists. *Martin v. Hoblit*, 133 Idaho 372, 375, 987 P.2d 284, 287 (1999). "[W]hether legal excuse has been shown is a matter for judicial determination based upon the facts and circumstances in each case." *Id.* The focus of the good cause inquiry is on the six-month time period following the filing of the complaint. *Id.* "If a plaintiff fails to make any attempt at service within the time period of the rule, it is likely that a court will find no showing of good cause." *Id.* at 377, 987 P.2d at 289; *see also Campbell v. Reagan*, 144 Idaho 254, ___, 159 P.3d 891, 894 (2007). Courts look to factors outside of the plaintiff's control including sudden illness, natural catastrophe, or evasion of

4

service of process. *Martin*, 133 Idaho at 377, 987 P.2d at 289. Lack of prejudice is irrelevant to the good cause analysis. *Id.* at 375, 987 P.2d at 287.

In this case, the Harrisons have failed to meet their burden to demonstrate good cause. They made no attempt at any service upon the Secretary of State within the six month time period. Considering the circumstances of this case, ignorance or misinterpretation of the rules' requirements based on a mistaken and narrow reading of the "brought under" clause in I.R.C.P. 4(d)(5) is not good cause. Therefore, we hold the Harrisons failed to show good cause for their failure to comply with the timely service requirement of I.R.C.P. 4(a)(2).

## IV. CONCLUSION

We affirm the dismissal of the Harrisons' complaint pursuant to I.R.C.P. 4(a)(2). Costs to Respondent.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**