# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49356

| | | |
|---|---|---|
| CINDY A. CHAMBERS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | Boise, May 2022 Term |
| | ) | |
| v. | ) | Opinion filed: August 24, 2022 |
| | ) | |
| IDAHO BOARD OF PHARMACY AND AGENCY, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| | ) | |
| Respondent. | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Samuel Hoagland, District Judge.

The judgment of the district court is affirmed.

Bernadette Cecile Buentgen, Eagle, for Appellant. Bernadette Buentgen argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. Alexandra Breshears argued.

MOELLER, Justice.

The Idaho Board of Pharmacy ("Board") filed an administrative complaint against Cindy A. Chambers, a pharmacist, alleging that she dispensed a controlled substance without a valid prescription. Chambers prevailed before the Board and it determined that she was entitled to recover her reasonable attorney fees and costs; however, she failed to comply with the 14-day deadline for requesting her award. When she filed a request almost seven months after the deadline had passed, the Board denied her request upon finding that she failed to show good cause for the late filing. Chambers then sought judicial review from the district court, which dismissed her petition. Chambers now appeals to this Court, maintaining that both the Board and the district court erred by applying the wrong legal standard. For the following reasons, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2018, Chambers was a pharmacist working at a Sav-On Pharmacy for Albertsons, LLC, in Boise, Idaho. She was the "Pharmacist-in-Charge" at the Boise pharmacy during all times at

1

issue in this case. On September 25, 2018, a Board compliance officer conducted a routine inspection of the Sav-On pharmacy's records where Chambers is employed. During the audit, the compliance officer found a record showing Chambers had dispensed 50 mg of Tramadol, a Schedule IV medication, on July 14, 2018, without an accompanying valid prescription. Board staff filed an administrative complaint against Chambers, alleging she violated the statutes or rules governing the practice of pharmacy in Idaho by dispensing a controlled substance without a valid prescription.

At the hearing before the Board, Chambers presented evidence that she rejected the original Tramadol prescription, written by a veterinarian for a dog, because it lacked the required information, "including, but not limited to, the drug name and strength." Because of this immediate rejection, the prescription was never scanned into Sav-On's electronic records system. The dog's owners subsequently returned to Sav-On with an additional prescription to acquire the medication. However, Chambers rejected the second prescription because it still lacked the necessary information. Chambers testified that she then called the prescribing veterinarian by phone to verbally obtain the necessary information to create a valid prescription. Chambers reduced the verbal prescription to writing and provided it to a pharmacy technician for processing. Chambers then dispensed 50 mg of Tramadol to the dog's owners. Additional evidence was submitted to show a pharmacy technician had failed to scan the valid prescription into the record-keeping system, but that the veterinarian confirmed that she prescribed the 50 mg of Tramadol to the dog's owners and that she later verified the prescription with Chambers over the phone.

From these findings, the Board concluded "there is no evidence in the record alleging or suggesting any efforts by [Chambers] to divert any drugs." In its final order, issued on May 6, 2019, the Board concluded that Chambers acted reasonably and dismissed the administrative complaint. The Board also determined that Chambers was entitled to recover attorney fees and costs. The final order did not specify a deadline for requesting attorney fees, but stated: ". . . pursuant to Idaho Code sections 12-117(5) and 54-1728(6), [Chambers] is entitled to recover her reasonable attorney's fees and defense costs necessarily and actually incurred in this matter, which [Chambers] may apply for in accordance with Rule 741 of the Idaho Rules of Administrative Procedure of the Attorney General (IDAPA 04.11.01.741)."

Rule 741, referred to in the final order, generally provides that the time for filing a request for attorney fees awarded by an agency is "(14) days from the service date of the final order" unless

2

the final/preliminary order specifically extends that time. IDAPA 04.11.01.741. Thus, where the time is not specifically set forth in a statute, rules of the agency, or the final order itself, "the deadline for filing for costs and/or fees and/or for moving for an extension of the time to file for costs and fees is fourteen (14) days from the service date of the final order or preliminary order." IDAPA 04.11.01.741.02(c). Additionally, "[t]he agency may exercise its discretion to consider and grant an untimely filing for costs and/or fees for good cause shown." IDAPA 04.11.01.741.02(d). The certificate of mailing for the final order indicates it was served on Chambers' attorney on May 7, 2019, making May 21, 2019, the deadline to file a request for attorney fees.

Almost seven months (204 days) later, on December 11, 2019, Chambers filed a request for $6,761.25 in attorney fees through her counsel, Bernadette Buentgen. The Board filed an objection to this request, arguing it was untimely and lacked a showing of good cause to explain the late filing. Buentgen then submitted a second declaration in support of the request for attorney fees, which included detailed information concerning her health status from 2006 forward. In her declaration, Buentgen explained that she was diagnosed with Chronic Myeloid Leukemia 13 years earlier and, following her diagnosis, underwent targeted chemotherapy from 2006 until November 2013. Her daily medications "had numerous side-effects, including overwhelming fatigue." To reach remission, Buentgen underwent a stem cell transplant in 2014. The procedure was successful but not without complications: Buentgen contracted GVHD (graft vs. host disease), which required additional medications and blood transfusions until 2017. While Buentgen has been "leukemia free for six years," she reports that she "still [has] a compromised immune system and continues to struggle with fatigue." She explained in the declaration that her "new normal changes daily" and requires constant reassessments and adjustments.

On reviewing this second declaration, the Board informed Buentgen she had again failed to explain any "specific events between May 2019 and December 2019" that "prevented [her] from filing or seeking an extension of time to file." Buentgen then filed a third declaration in support of the request for attorney fees, which argued her health conditions were good cause and "there [was] no showing of harm or prejudice" to the Board. This third declaration also included information from Buentgen that she "did not calendar the fourteen (14) day deadline," and "did not anticipate . . . an issue concerning the payment of [her] attorney fees if the bill was presented more than fourteen (14) days after the Final Order." She conceded, however, that "possibly . . . was a mistake

3

on [her] part." Additionally, Buentgen explained that she is a solo practitioner without "the resources to hire someone to prepare the statement of attorney fees."

The Board conducted a hearing on the attorney fees matter on April 9, 2020. At the hearing, Buentgen argued that "prejudice is a determining factor in whether good cause is shown." She explained in full:

> So the issue here is not whether the Board is awarding attorney's fees. That's already been decided. The issue is whether the documentation showing what the attorney's fees were was timely filed. And if it wasn't, what prejudiced [sic] was caused to the Board, which I submit was none. And the reason for the delay I feel was reasonable, given the circumstances.

> And I do admit that I didn't look at the 14 days, because first off the order is silent, so that it reverts back to that. I think a reasonable person would allow the petitioner -- I'm sorry, the respondent time to file the memorandum basically -- the memorandum of cost, which is what I did with the declaration.

> . . . you can't just look at my health in a vacuum. I had other work that I was doing during that time period. I am a sole practitioner. I don't have any employees. Additionally, this type of declaration is based on personal information and belief, so it would require me to prepare it; that I do suffer from extreme fatigue; and that I have to prioritize. And I didn't think that was going to be an issue, quite frankly. And I think a reasonable person would allow the document to be filed after the 14 days.

Lastly, she added that there was "absolutely no prejudice or hardship" to either the petitioner or the Board, stating: "in fact it allows them a longer period of time to pay the attorney's fees, therefore being able to budget those into their budget." Notably, the Board expanded the time allowed for both parties to present their arguments and answer questions from Board members. At the conclusion of the hearing, the Board denied Chambers' untimely request for attorney fees because "the Board [could] not find that good cause existed to warrant a delay of more than six months."

Chambers then filed a petition for judicial review with the district court, arguing the Board erred in denying the attorney fees because it applied a good cause standard without considering the lack of prejudice. Following full briefing and argument, the district court affirmed the Board's decision and dismissed the petition. The district court concluded that the plain language of IDAPA Rule 741 gives the agency discretion to consider an untimely request for fees for "good cause shown." However, nothing in the rule required the Board to consider a lack of prejudice as good cause for a late filing. The district court further noted that "Idaho Code § 12-117(5) does not mandate that a prevailing party obtain its fees when it did not properly comply with the rules

4

regarding applying for fees." Ultimately, because Buentgen failed to specify how her current health issues caused the seven-month delay, and because she admitted "the failure to timely file for attorney fees was due to her error and misreading of the rules," the court found that there was substantial and competent evidence supporting the Board's decision. Accordingly, it concluded that the Board "was well within its discretion to deny an untimely request on these facts and find that good cause had not been demonstrated."

Chambers timely appealed the district court's dismissal of her petition for judicial review to this Court.

## II. STANDARD OF REVIEW

This case comes before the Court on a petition for judicial review of a final order by the Idaho Board of Pharmacy. Idaho's Administrative Procedure Act ("APA") governs agency actions and provides that a reviewing court "shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) not supported by substantial evidence on the record as a whole; or (e) arbitrary, capricious, or an abuse of discretion." I.C. § 67-5279(3). The APA also states that a reviewing court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." I.C. § 67-5279(1).

"When reviewing a decision by the district court acting in its appellate capacity under the [APA], this Court analyzes the record independently of the district court." *Hawkins v. Bonneville Cnty. Bd. of Comm'rs*, 151 Idaho 228, 231, 254 P.3d 1224, 1227 (2011). We also freely review questions of law. *Id.* However, "[w]here the district court has affirmed the Board's actions, we will uphold its decision provided the Board's findings were supported by substantial and competent evidence." *Id.*

Additional standards of review will be addressed in turn.

## III. ANALYSIS

### A. The Board applied the correct standard of review.

Chambers first argues that "the Board abused its discretion by failing to apply the correct standard of review" required by Rule 741 of IDAPA. Although her argument rests on the discretion given the Board under Rule 741 "to consider and grant an untimely filing for costs and/or fees for good cause shown," Chambers ultimately contends she is entitled to relief because the Board "did

5

not consider, nor did it find any prejudice caused by an untimely request for attorney's fees." She also alleges that the Board's final order "failed to give a specific date to file a declaration and failed to state the rule in the Notice of Due Process in an attempt to avoid paying attorney fees." The Board argues that Rule 741 only requires a "good cause" analysis, not a separate consideration of prejudice. Additionally, it points out that the final order gave notice that any request for costs and attorney fees be made "in accordance with Rule 741." We agree with the Board on both points.

There is no abuse of discretion where the Board: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). Without specifying which *Lunneborg* standards were violated, Chambers appears to make two separate contentions suggesting that the Board failed to act consistently with the applicable legal standard: first, that the Board was required to consider prejudice in its determination of whether there was good cause to permit an untimely request for attorney fees; and second, that attorney fees are mandatory under Idaho Code section 12-117(5) regardless of IDAPA's deadlines.

### 1. The Board and the district court properly applied the good cause standard because Rule 741 does not require consideration of prejudice.

IDAPA Rule 741 states that the agency "must allow no fewer than fourteen (14) days from the service date of the final order or the preliminary order for the party to whom costs and/or fees were awarded . . . to file necessary papers . . . quantifying and otherwise supporting costs or fees." Generally, the applicable statute, rules of the agency, or the final order or preliminary order will specify the filing deadline; however, Rule 741 provides for a 14-day deadline as a default where the statute or final order is otherwise silent. IDAPA 04.11.01.741. Such is the case here: the Board's order did not provide Chambers with an express deadline, but it directed her instead to Rule 741 which provided her with 14 days to file either a memorandum of costs or request an extension of time to file the necessary paperwork to recover her costs and fees.

Additionally, Rule 741 grants the agency "discretion to consider and grant an untimely filing for costs and/or fees *for good cause shown*." *Id*. (emphasis added). It is noteworthy that prejudice is not mentioned in Rule 741. It only states that the Board's decision is dependent on whether "good cause" is shown. This Court has typically addressed good cause in the context of delays in serving pleadings, motions, or other court filings. We have held that "[t]here is no bright-line test in determining whether good cause exists." *Harrison v. Bd. of Pro. Discipline of Idaho*

6

*State Bd. of Med.*, 145 Idaho 179, 183, 177 P.3d 393, 397 (2008). However, to ascertain whether good cause exists for delays and untimeliness, courts typically "look to factors outside of the plaintiff's control," such as sudden illness, natural catastrophe, or evasion by third parties. *Id.* Nevertheless, we have expressly held that a "[l]ack of prejudice is irrelevant to the good cause analysis." *Id.*

Although Chambers cites two cases to support her argument—*Ada County Highway Dist. By and Through Fairbanks v. Acarrequi*, 105 Idaho 873, 673 P.2d 1067 (1983) and *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 348, 941 P.2d 314, 320 (1997)—she mischaracterizes both holdings. *Acarrequi* dealt only with Idaho Rule of Civil Procedure 54, which simply permits time periods to be enlarged at the discretion of the trial court. 105 Idaho at 874–75, 673 P.2d at 1068–69. Here, there was no motion to enlarge time filed until it was too late. Similarly, the *Sammis* Court rejected a plaintiff's assertion that a lack of prejudice should be considered in the good cause analysis under Idaho Rule of Civil Procedure 4(a)(2). 130 Idaho at 348, 941 P.2d at 320. This Court explained that the rule only required a showing of "good cause" for "why such service was not made" within the deadline's time frame. *Id.*

This Court has never applied a prejudice standard in place of, or even as part of, a good cause analysis. Importantly, the plain language of Rule 741 does not include the word "prejudice" or any similar language that would trigger questions of harm or substantial rights to either party. The rule focuses only on timeliness, deadlines, and whether there is "good cause" for any delay. *See* IDAPA 04.11.01.741. The rule also directs that the determination of good cause lies within the discretion of the agency. *Id.* Therefore, only the good cause standard was applicable here. This was the legal standard and inquiry employed by the Board and the district court in considering the untimely request for attorney fees. There can be no abuse of discretion when the reviewing agency applies the exact standard prescribed by the governing rule.

### 2. Although Idaho Code section 12-117(5) provides for an award of attorney fees under certain circumstances, the district court properly affirmed the Board's determination that Chambers waived her right to recover her attorney fees by failing to timely file the request.

As part of her prejudice argument, Chambers also argues that attorney fees are mandatory, regardless of filing deadlines. She cites specifically to Idaho Code section 12-117(5) (amended in 2018), which is the governing statutory authority for the Board's award of fees. Idaho Code section 12-117(5) provides for an award of attorney fees to a prevailing party in an administrative

7

proceeding where a licensing authority and a licensee are adverse parties. Such was the underlying case here and the Board determined that, under section 12-117(5), Chambers was entitled to recover her reasonable attorney's fees and defense costs. However, Chambers still needed to apply for recovery of her attorney fees and costs upon completion of the administrative proceedings. IDAPA 04.11.01.741.01.

In civil cases and agency actions, the failure to timely file a memorandum of costs following an award of attorney fees generally results in the waiver of that right. S*ee Medrano v. Neibaur*, 136 Idaho 767, 769–70, 40 P.3d 125, 127–28 (2002); *Harney v. Weatherby*, 116 Idaho 904, 908, 781 P.2d 241, 245 (Ct. App. 1989). *See also* I.A.R. 40(c) ("Failure to file a memorandum of costs within the period prescribed by this rule shall be a waiver of the right to costs."). For example, in *Medrano*, this Court determined that the Industrial Commission abused its discretion upon awarding attorney fees after counsel "missed [the 10-day] deadline by six months with no explanation for the delay." 136 Idaho at 769–70, 40 P.3d at 127–28. While the prevailing party in *Medrano* was originally entitled to an award of attorney fees for succeeding in its case, Medrano waived the award by failing to submit a memorandum of costs and fees until after "the deadline had long passed." *Id.* The same result occurred in *Harney v. Weatherby*, where the prevailing party waived the right to recover his award of attorney fees and costs when he filed his memorandum of costs fifty-five days late. 116 Idaho at 908, 781 P.2d at 245.

Chambers has not explained why this general rule should not likewise apply to an administrative proceeding. We conclude there is no reason to adopt a different rule for this case and, therefore, Chambers waived her right to recover her fees and costs by failing to timely submit a memorandum of costs and fees. She had 14 days to submit her memorandum, yet she waited almost seven months. The Board did not abuse its discretion because it applied the correct legal standard when it denied Chamber's untimely request for costs and fees. Nothing in Idaho Code section 12-117(5) absolved Chambers of the requirement in Rule 741 to timely file the necessary papers in support of her requested costs and fees.

**B. The Board's finding that Chambers failed to demonstrate good cause for her untimely request for attorney fees was supported by substantial and competent evidence.**

Chambers next argues that the Board and the district court "grossly minimized the medical condition of [Buentgen]" and that counsel's extreme fatigue over the time period at issue was substantial evidence of good cause. No one disputes the medical hardships apparently faced by Buentgen over the years; however, the Board made its determination to deny the untimely request

8

on the basis counsel failed to provide specific medical details concerning her condition during the seven months in question. The district court affirmed on similar grounds. We agree that the Board's decision is supported by substantial and competent evidence.

Where there is conflicting evidence, an "agency's findings are binding on this Court as long as they are supported by substantial and competent evidence, regardless of whether [the Court] might have reached a different conclusion." *Chisholm v. Idaho Dep't of Water Res.*, 142 Idaho 159, 164, 125 P.3d 515, 520 (2005). "Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion." *Id.* (citation omitted). Substantial evidence is "more than a mere scintilla" but "less than a preponderance of evidence." *Id.*

Here, the Board correctly applied the standard of good cause, which generally looks to circumstances and factors outside the party's control. *See Harrison*, 145 Idaho at 183, 177 P.3d at 397. It primarily considered the evidence proffered by Chambers' counsel, Buentgen, to explain her delay in requesting fees. Without disregarding the extensive medical issues Buentgen has faced over the years, the Board concluded that Chambers failed to provide good cause for her untimely filing. The Board focused on the fact that Buentgen failed to provide any specific medical events or circumstances during the relevant period at issue—from May to December 2019—that would justify the late filing.

The medical history provided in Buentgen's declarations centers on her cancer diagnosis in 2006, her subsequent chemotherapy treatments, and her stem cell transplant in 2014. Her medical history also indicates ongoing fatigue and complications, stating that constant adjustments in concern for her health are part of her "new normal." However, when the declarations addressed the events of 2019 that contributed to the delay, the explanations offered by Buentgen had little or nothing to do with her health. For example, Buentgen explained that she failed to calendar the deadlines, she is a solo practitioner without support staff, and stated that she "didn't think that was going to be an issue, quite frankly." Such admissions were not limited to her declarations. Under query from the Board and district court below—and during oral argument before this Court— Buentgen repeatedly conceded that the missed deadline was her error in failing to sufficiently read over the IDAPA rules and calendar the deadline.

Chambers is effectively asking this Court to apply a new standard for her benefit, one akin to the excusable neglect standard set forth in Idaho Rule of Civil Procedure 60(b). However, that

is not the governing standard here. Chambers, through her counsel, was required to show good cause for the seven-month delay, and she has failed to do so. As the district court summarized:

> Buentgen admitted in declarations and at the hearing that the failure to timely file for attorney fees was due to her error and misreading of the rules. She detailed health issues, however, nothing specific over the seven month time period at issue, which would have impacted her ability to timely request fees and costs. Instead, the error was one of misjudgment.

We agree and conclude that there was substantial and competent evidence in the record below to support the Board's determination. Its decision to deny the untimely request for attorney fees was well within its discretion.

Chambers raises additional arguments on appeal, including whether the Board's decision was arbitrary and capricious, whether the Board's order denied Chambers of due process, and whether the Board's failure to consider prejudice resulted in prejudice to her substantial rights. Each of these arguments is based on her initial assertion that the Board was required by Idaho law to consider prejudice. Yet, as we have explained, this is not the standard under Rule 741. *Harrison*, 145 Idaho at 183, 177 P.3d at 397 ("Lack of prejudice is irrelevant to the good cause analysis."). Thus, the Board's decision applied the correct legal standard and its final determination was based on substantial and competent evidence. Accordingly, we need not consider Chambers' remaining issues on appeal.

**C. Chambers is not entitled to attorney fees on appeal.**

Chambers requests attorney fees on appeal pursuant to Idaho Code sections 12-117(5) and 54-1728(7). These statutes allow for an award of reasonable attorney fees to the prevailing party "in any administrative proceeding or administrative judicial proceeding involving as adverse parties a licensing authority and a licensee." I.C. 12-117(5). Inasmuch as Chambers is not the prevailing party on appeal, she is not entitled to an award of attorney fees.

## IV. CONCLUSION

For the foregoing reasons, we affirm the district court's determination to dismiss the petition for judicial review. As the prevailing party, the Board is entitled to costs as a matter of course. I.A.R. 40(a).

Chief Justice BEVAN, Justices BRODY, STEGNER and ZAHN **CONCUR.**